## City of Chicago v. John S. Berger.

1.   CITIES AND VILLAGES—*Sufficiency of an Appropriation at the Time of Contracting.*—Where, at the time of ordering certain photographs for the city attorney's office for the use of the law department of the city of Chicago, there was more than enough of the proper appropriation unexpended to pay for them, the city will be liable, notwithstanding such appropriation is subsequently exhausted.

2.   SAME—*Transferring Money from One Fund to Another, Not an Appropriation.*—The legal transfer of money from one fund to another by the authorities of a municipal corporation is not an appropriation.

3.   CORPORATION COUNSEL—*His Office and Duties.*—The corporation counsel is a member of the legal department of the city of Chicago.   It devolves upon him to prepare defenses to actions against the city for damages growing out of the elevation of railroad tracks, and by virtue of his office, in the performance of his duties in preparing defenses, he has ample power to order photographs, which, in the exercise of reasonable discretion and judgment, he may deem necessary or useful in the defense of the city against such actions.

**Assumpsit,** for photographs made and delivered.    Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1901.    Affirmed.    Opinion filed February 13, 1902.

CHARLES M. WALKER, Corporation Counsel, WILLIAM H. FITZGERALD, Assistant Corporation Counsel, attorneys for plaintiff in error.

FREDERICK S. SCHOOLER, attorney for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The defendant in error was plaintiff, and plaintiff in error was defendant in the trial court, and will be so referred to hereinafter.    The plaintiff is a photographer, and sued the defendant for certain photographs, which he claims he made for, and delivered to, the defendant.    The cause, by agreement of the parties, was tried by the court, without a jury, and the court found the issues for the plaintiff, assessed his damages at the sum of $655, and rendered judgment for that sum.

The facts are substantially as follows:    In June, 1898, Mr. Thornton, who was then the corporation counsel of the defendant, employed the plaintiff to take photographs of railroad crossings and track elevations along the lines of the Chicago and Northwestern Railway Company and the Chicago, Milwaukee & St. Paul R. R. Co., in the city of Chicago, at the agreed price of $2.50 per photograph, and told plaintiff to go to Mr. O'Neill, the city superintendent of track elevation, who would designate the places where the photographs were to be taken.    Plaintiff went to O'Neill, who designated the places, and during the months of June, July and August, 1898, took 262 photographs at the places designated by O'Neill.    Plaintiff delivered one batch of the photographs at the office of the corporation counsel September 1st, and another batch September 26, 1898.    At the time of delivery Thornton, the corporation counsel, directed Mr. Clark, a clerk or assistant in his office, to count the photographs, which he did, and marked the bills presented with them, "Correct as to

number.   Clark." And plaintiff left the photographs and
bills at Thornton's office.   Subsequently, plaintiff called at
the office of corporation counsel Thornton and asked him
to vouch the bills, and Thornton told him to let them
remain in the office awhile; that his appropriation was
rather small, and that he would vouch them when he got
a new appropriation.   The bills have never been paid.
Plaintiff put in evidence, without objection, an appropria-
tion ordinance of the city of Chicago, passed March 14,
1898, showing the following appropriation :

"Legal Expenses.
For contingent legal expenses of the law department, as
follows:

City attorney's office..................$20,000.00
Corporation counsel's office............ 15,000.00
For cost of Municipal Code............ 10,000.00
                                         _____
                                         $45,000.00."

Also, the following ordinance or order passed November
14, 1898:

"ORDERED: That the comptroller be and he is hereby
directed to transfer from the balance deposited in the city
treasury to the account of track elevation the sum of
$10,000.00; $5,000.00 of this sum to be placed to the credit
of the legal expense account of the corporation counsel's
office to recoup said account for an equal amount already
expended out of the same in the preparation of defenses to
actions for damages growing out of track elevation; and
that the remaining $5,000.00 be placed to the credit of
said legal expense account of the corporation counsel's
office to defray future expenses to be incurred in the
defense of such damage cases."

The defendant called as a witness H. A. Taft, assistant
cashier in the office of the city comptroller, who produced
the appropriation ledger of the city for the year 1898, and
testified that it appeared from the ledger that $15,000 was
appropriated for the contingent expenses of the corpora-
tion counsel's office for that year, and that July 12, 1898,
there had been expended $15,137.64.   No other evidence
was produced by the defendant, except that given by W. H.

City of Chicago v. Berger.

Clark, who merely corroborated the plaintiff, by testifying that he, by Mr. Thornton's direction, counted the photographs and marked the bills correct as to number.

It is not claimed that the photographs, or any of them, were unsatisfactory, and the retention of them by the corporation counsel and his subsequent promise to certify the bills, are facts showing that they were satisfactory. Under these circumstances, we think it plain that unless some imperative and inexorable rule of law is opposed to a recovery, the judgment should be sustained.

It is contended by the defendant that the appropriation of $15,000 for the fiscal year 1898, by the ordinance of March 14, 1898, was exhausted when the order for the photographs was given. This contention is based on the testimony of Mr. Taft, who testified that the ledger showed the impossibility that, July 12, 1898, there was expended $15,137.64 from an appropriation of $15,000. But even though it be conceded that July 12, 1898, the appropriation of $15,000 was exhausted, this can not avail the defendant, because the testimony of Berger that the contract was made in June, 1898, stands uncontradicted, and *non constat*, but at that time there was more than enough of the appropriation unexpended to pay for the photographs. If the fact that the appropriation was expended at the time the photographs were ordered would constitute a defense, in respect to which it is unnecessary to express an opinion, it was incumbent on the defendant to prove that fact, which it failed to do.

It is objected by counsel for defendant that the order of November 14, 1898, can not be considered, because proof was not made that it was passed by yeas and nays, in accordance with article 3, section 13 of the charter. Waiving consideration of the question whether that section has any application to the November order, it is sufficient to say that its introduction in evidence was not objected to by defendant on the ground that it was not passed by yeas and nays, but merely generally. In order to raise the question here whether it was necessary for the plaintiff to

prove that the order was passed by yeas and nays, the objection should have been specific, in which case it might, perhaps, have been obviated by evidence. It is urged that the order of November 14th is invalid because not passed within the first quarter of the fiscal year. This objection premises that the order is an appropriation order or ordinance, which, in our opinion, it is not. The order is, as we think, susceptible of the construction placed on it by the learned judge who tried the cause. He held that the words in the order, "deposited in the city treasury to the account of track elevation," indicated that the amount so deposited, namely, $10,000, was deposited by the railway companies, and was not money raised by taxation, and so expressed himself, and this was not denied by counsel for the city. As we understand the order, $5,000 of the $15,000 appropriated for the expenses of the corporation counsel's office had been expended on account of track elevation; that this amount was properly chargeable to the account of track elevation, and should have been taken from the $10,000 deposit on that account, but was taken from the appropriation for the corporation counsel's office, and that the placing $5,000 of the deposit " to the credit of the legal expense of the account of the corporation counsel's office," as provided by the order, was merely placing back in said legal expense account, money which had temporarily been borrowed from it, and which, legally, should have remained in it. It was a legal transfer and not an appropriation. As to the remaining $5,000, it was merely transferred to be used for the purpose for which it was deposited, namely, on account of track elevation, or, as provided by the order, to defray expenses "in the preparation of defenses to actions for damages growing out of track elevation."

The authority of the corporation counsel to contract for or order the photographs, is questioned by counsel for the city, but not very strenuously. It is even suggested that the court can not know from the record that there is such an officer. This, although the appropriation ordinance con-

tains in express terms an appropriation for his office, and although his name and official title appear signed to the defendant's briefs in this case.   To sign a brief as " corporation counsel," in which it is suggested that there is no such officer, is anomalous, to say the least.   The charter provides that the council may create offices additional to those therein mentioned.   The corporation counsel is a member of the legal department of the city, and the name indicates that he is at the head of that department.   The order of November 14th clearly indicates that it devolves on him to prepare defenses to actions against the city for damages growing out of the elevation of railroad tracks. That there have been .and, in the future, may be such actions, is not only indicated by that order, but is well known to this and the trial courts, and that photographs are useful and are frequently used in such actions, are facts also well known; and we are of opinion that the corporation counsel, by virtue of his office and in the performance of his duty to prepare defenses, has ample power to order photographs, which he, in the exercise of reasonable discretion and judgment, may deem necessary or useful, in the defense of the city against such actions.   The city has had the benefit of the plaintiff's services; has accepted and retained the photographs; and should, in common honesty, pay for them. Blake v. Sanitary District, 77 Ill. App. 287; Harvey v. Wilson, 78 Ib. 544.

We fully concur in the conclusion of the learned judge of the trial court, than whom no one is more familiar with the law of the municipality.   The judgment will be affirmed, defendant in error to recover his costs, but no execution to issue.   Affirmed.