## City of Chicago v. Elizabeth L. Nicholson et al.

### Gen. No. 12,777.

1. MUNICIPAL CORPORATION—*when liable for purchase made by fire marshal.* A purchase made directly by a fire marshal, where such purchase should have been made by a business agent of the corporation upon the requisition of such marshal, obligates such corporation where the merchandise was delivered to and used by it.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed December 11, 1906.

JOHN W. BECKWITH and EDWARD T. WADE, for appellant; JAMES HAMILTON LEWIS, of counsel.

THOMAS G. McELLIGOTT and MARY E. MILLER, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment

for $138.14 entered upon a directed verdict for the plaintiff in an action originally brought before a justice of the peace.

The evidence shows that the fire marshal of Chicago gave to the plaintiffs orders for seventy-five boxes of a certain compound used for cleaning steam boilers; that the price quoted by plaintiffs to said marshal therefor was $1.75 per box; that the same was delivered to the city's fire tug "Illinois," and was used and consumed in cleaning the boilers of said fire tug; that said compound did its work to the satisfaction of the engineer of said fire tug and of the fire marshal.

In the brief of appellant it is said that "the only question for consideration in this case is, did the fire marshal have the power to make a contract, if one was made, for the purchase of said compound?" The ordinances of the city provide for the appointment of a business agent and provide that such business agent "shall make all purchases of supplies and materials for the use of said city, and shall let all contracts for labor to be performed for said city; in cases wherein the cost of said supplies, materials or labor shall be less than the sum of $500, requisitions shall be made for all purchases to be made and all contracts to be let by said business agent, as herein provided, and said requisitions shall be approved in writing by the heads of the department for which the same are required. Such requisitions shall constitute his authority for all purchases and contracts to be made under the provisions hereof and shall be filed in his office."

It is conceded that the fire marshal who gave said orders was the head of the city's fire department. He had authority to make or approve a requisition upon the business agent for said compound, and upon receiving such requisition it would have been the duty of the business agent to purchase said compound. The contract of purchase was not therefore one which the city was not authorized to make, but one which should have been made for the city by its business agent, on

the requisition of its fire marshal, and not directly by its fire marshal.

The contract of purchase, because of the irregular manner in which it was made, may have been incapable of enforcement, but it accomplished the purpose intended.

The delivery of the compound to the engineer of the city's fire tug, to be used in cleaning the boilers of the tug, was a delivery to the city. By using the compound in cleaning the boilers of the tug the city accepted the benefits of the contract of purchase and should pay the plaintiffs the reasonable value of the compound so purchased and used. Maher v. Chicago, 38 Ill. 267; Chicago v. Berger, 100 Ill. App. 158, and cases there cited; 1 Abbott Municipal Corporations, Sec. 279; Ward v. Forrest Grove, 20 Oregon, 355, 25 Pac. Rep. 10, 20.

The case of Chicago v. Shober & Carqueville L. Co., 6 Brad. 560, is not in conflict with the views above expressed. The recovery in that case was for the value of the labor and material in lithographing and printing blank warrants for the issue of the city scrip. The plaintiff was employed to engrave and print said warrants, by the city comptroller, and the recovery was for 23,760 warrants which were received and used by the city, and 34,080 warrants which the city claimed had not been ordered and which were taken out of plaintiff's hands by order of the comptroller and destroyed to avoid the danger of a spurious issue of such scrip. The court held that no authority in the comptroller to make said contract was shown by the evidence, and reversed the judgment and remanded the cause. Under this decision the plaintiff could never recover for the warrants which were ordered without authority and not accepted or used by defendant. If, in the opinion of the court, the plaintiff could never recover for the warrants which the city accepted and used because they

were ordered by its comptroller without authority, then plaintiff had no cause of action and no right of recovery, and when no right of action, no possible ground of recovery is shown by the evidence in the record, the cause is not remanded. In remanding the cause, the court in that case in effect held that the plaintiff might recover for warrants which the defendant accepted and used, although the same were ordered without authority.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*