WALTER L. MOORE ET AL., APPELLEES, V. CITY OF CENTRAL CITY ET AL., APPELLANTS.

FILED APRIL 5, 1929. No. 26666.

*Walter R. Raecke,* for appellants.

*Elmer E. Ross* and *Donald F. Sampson, contra.*

*Mann & Whitten, amici curiæ.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and DAY, JJ., and HASTINGS and REDICK, District Judges.

DEAN, J.

This is a suit in equity begun by Walter L. Moore, Arthur J. Bowle, and William B. Miller, plaintiffs, in behalf of themselves and all others similarly situated, to enjoin the city of Central City, John W. Machamer, as mayor, Eric Wright, as treasurer, and Edward Bishop, Claude Carrington, George Fitch, Paul Nielsen, Frank Parker, and Vern Riggs, as members of the city council, from entering into a proposed contract to repair, remodel, and furnish a city hall by expending funds transferred from the "electric light fund" to a "city hall building fund." On motion of the plaintiffs, the court rendered judgment on the pleadings and the defendants were enjoined from entering into the proposed contract and from expending the sum of $10,000, as provided in the contract, and the defendants were directed, as officials of the municipality, to transfer the above sum of $10,000 back to the electric light fund of the city, from whence it was taken by the council, on the ground that the money was appropriated for an unauthorized purpose. Defendants appealed.

Central City is a municipal corporation of the second class having a population of less than 5,000 inhabitants. All of the individual parties to this suit are resident owners of taxable real and personal property in the city.

The present case comes within the rule announced in *State v. Lincoln Gas Co.*, 38 Neb. 33, where the court said:

"Where a case is submitted solely upon the pleadings, the party seeking affirmative relief must, by the pleadings alone, show himself entitled to the relief sought. In such case the question is not, upon whom rests the burden of proof; but who, upon the facts established by the pleadings themselves, is entitled to judgment."

And in *McMillan v. Chadron State Bank,* 115 Neb. 767, this is said:

"A motion for judgment on the pleadings requires a consideration of what may be found in all the pleadings as the ultimate facts."

March 8, 1926, at a regular session of the city council this resolution was adopted:

"Whereas, the city of Central City, Nebraska, has recently acquired by purchase the former Young Men's Christian Association buildings, located on lots four (4) and five (5), block ten (10), Metcalf's Addition to the city of Central City, Nebraska, as a new city hall, and,

"Whereas, it will be necessary to use the sum of not to exceed $10,000 for the purpose of repairing, remodeling and furnishing said property in order to use the same properly and to the best advantage as a city hall, and,

"Whereas, there is now in the electric light fund more than $10,000 which is not at the present time needed for the electric light department of said city, and it would be more economical to transfer said fund from the electric light fund to the general fund of said city to be used for said repairing, remodeling and furnishing than it would be to vote bonds and issue the same, now,

"Therefore, be it resolved by the city council of the city of Central City, Nebraska, that the city clerk of said city is hereby instructed to submit a proposition to the voters of said city at the next regular city election to be held on April 6, 1926, for the transfer of the sum of not to exceed $10,000 from the electric light fund of said city to the general fund of said city, for the purpose of repairing, remodeling and furnishing the new city hall of said city."

April 6, 1926, the substance of the foregoing resolution was submitted to and adopted by a majority vote of the electors. July 22, 1927, at an adjourned session of the city council, bids were regularly submitted for repairing and rebuilding the city hall. The lowest bid was in the sum of $10,540, and the contract was let to such bidder, and it is alleged that the city council "is now having a con-

tract prepared for execution on behalf of said city," and that, unless restrained, the work of remodeling and rebuilding the city hall will at once proceed.

While the defendant city is without an electric light plant, it maintains, nevertheless, a distributing electric light system from which electric current may be and is sold to consumers. The current so distributed is bought by the city from a private source. So that the question now here is whether the city council had lawful authority to transfer the surplus funds, so derived from the sale of electric current, for the purpose herein pointed out. We think the city was well within its lawful rights in the premises. This authority was derived from a majority vote of the people at the election held for that purpose under the "Annual Appropriation Ordinance" act, namely, section 4371, Comp. St. 1922, which, among other provisions, contains this:

"No further appropriation shall be made at any other time within such fiscal year, unless the proposition to make each appropriation has been first sanctioned by a majority of the legal voters of such city or village, either by a petition signed by them or at a general or special election duly called therefor."

Clearly, no estimate or appropriation was a prerequisite to authorize the use or expenditure of the $10,000 in question, because the money in question was not derived from taxation. In *State v. Martin*, 27 Neb. 441, in construing section 4371, above cited, we held:

"The money which this section requires to be annually appropriated, as a condition precedent to its being drawn from the city treasury, is the money raised, or authorized to be raised, by taxes 'to be levied during that year.' This is obvious from the language of the first clause of the section, but were it doubtful as to its construction, and its being limited to such moneys, the doubts would be put to rest by the language of the second clause, 'unless the proposition to make each appropriation has been first sanctioned by a majority of the legal voters of such city or

village.' Where a proposition to borrow money for any lawful purpose has been submitted to a vote of the people of a city or village, the proposition carried, the money borrowed and placed in the treasury, such money is appropriated for the purpose intended, and is subject to the control and disposal of the mayor and council of the city, or the president and board of trustees of the village, within the purview of the appropriation, without an ordinance such as is required to be passed in the section cited."

In *McElhinney v. City of Superior*, 32 Neb. 744, in an opinion by Norval, J., this is said:

"The city council of a city of the second class cannot incur any expense or enter into any contract on behalf of the city unless an appropriation shall have been previously made concerning such expenditure, except in cases where the proposition has been sanctioned by a majority of the legal voters of the city."

Clearly, pursuant to the election held under section 4371, the city council was empowered to enter into a contract for the repair of the city hall building and to transfer a sum "not to exceed $10,000" for this purpose. But, as above noted, the proposed contract calls for an expenditure of $540 in excess of the amount authorized by the electors. If a city council could lawfully enter into a contract for the city which was $540 in excess of $10,000, it follows that the council might enter into a contract for a much greater sum than that which is involved in this suit and which was authorized by the electors. This would be a dangerous precedent and we cannot sanction the act of the council in the premises. It plainly appears that a transfer of $10,000 and no more was authorized by the people from the electric light fund to the general fund and thence to the city hall fund for the repair of the city hall building. In view, therefore, of the fact that the contemplated contract calls for an expenditure of $540 in excess of the amount authorized by the electors, it follows that no contract whatever was entered into by the city nor could a lawful contract be entered into between the proposed

contracting parties for a greater amount than $10,000. The proposed contract is therefore illegal and void.

It follows that the judgment of the district court, to the extent that it requires the city council to transfer the sum of $10,000 back to the electric light fund, is erroneous, and in other respects is approved, and the judgment is therefore modified so as to enjoin the city council from entering into the proposed contract.

AFFIRMED AS MODIFIED.