O. M. CAMPBELL COMPANY, APPELLANT, V. CITY OF HARVARD, APPELLEE.

FILED JULY 12, 1932. No. 28296.

*Sterling F. Mutz,* for appellant.

*D. B. Massie* and *H. G. Wellensiek, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and PAINE, JJ., and DICKSON and TEWELL, District Judges.

EBERLY, J.

This is an action to recover stipulated compensation under a written contract obligating defendant to pay plaintiff $495 for auditing the accounts of the clerk and treasurer of the city of Harvard for the three-year period beginning May 1, 1924. For the compensation stated plaintiff also agreed to audit the accounts of all special improvement districts. Execution and delivery of the contract October 22, 1929, performance by plaintiff, acceptance of the audit by defendant, provision for payment under appropriations for the fiscal year beginning May 1, 1929, and failure to pay any part of the agreed compensation were pleaded in the petition, to which a copy of the contract was attached.

In addition to a general denial of unadmitted allegations in the petition, defendant stated in its answer, among other defenses, that the contract was void for want of a necessary appropriation to meet the expenditure—a statutory prerequisite to the making of such a contract. Comp. St. 1929, secs. 17-569, 17-572. A reply put in issue the facts pleaded in defense to the petition.

Upon a trial of the issues the district court excused the jury and dismissed the case on the sole ground that the contract was void for want of an appropriation to pay the stipulated compensation. Plaintiff appealed.

Execution of the contract, making of the audit, performance by plaintiff and nonpayment of compensation were conceded by defendant for the purposes of the trial in the district court. The contract, dated October 22, 1929, the ordinance or appropriation bill for the fiscal year beginning May 1, 1929, and a stipulation by the parties were admitted in evidence and considered by the trial court in connection with pertinent provisions of the city charter of Harvard. The sufficiency of the appropriation is the question presented by the appeal. The ordinance made provision for a $5,000 "General Fund," as follows: Salary

of marshal and street commissioner, $1,500; night watch, $1,080; councilmen, mayor, city attorney, treasurer and city clerk, $450; maintenance of streets, alleys and crossings, $500; elections, printing and stationery, $250; insurance, $255; charities and corrections, $40; general occupation tax, $25; police department and city jail, $30; rent for community club room, $120; library janitor, $52; paving tax, $225; purposes not specifically enumerated, $463; total for general fund, $5,000. Provision was also made for items not enumerated in the general fund and for the levying of taxes to meet the authorized expenditures. The city charter provides:

"The city council of cities and board of trustees in villages shall, within the first quarter of each fiscal year, pass an ordinance, to be termed 'the annual appropriation bill,' in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation, not exceeding in the aggregate the amount of tax authorized to be levied during that year; and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose. No further appropriation shall be made at any other time within such fiscal year, unless the proposition to make each appropriation has been first sanctioned by a majority of the legal voters of such city or village, either by a petition signed by them or at a general or special election duly called therefor, and all appropriations shall end with the fiscal year for which they were made." Comp. St. 1929, sec. 17-569.

"No contract shall be hereafter made by the city council or board of trustees, or any committee or member thereof; and no expense shall be incurred by any of the officers or departments of the corporation, whether the object of the expenditures shall have been ordered by the city council or board of trustees or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise expressly provided." Comp. St. 1929, sec. 17-572.

The expense of the audit was not sanctioned by a vote of the electors. Both sides concede the invalidity of the contract, unless the city council made in advance the necessary appropriation. This is obviously the law. *City of Blair v. Lantry,* 21 Neb. 247; *McElhinney v. City of Superior,* 32 Neb. 744; *Gutta Percha & Rubber Mfg. Co. v. Village of Ogalalla,* 40 Neb. 775; *City of Kearney v. Downing,* 59 Neb. 549; *City of Plattsmouth v. Murphy,* 74 Neb. 749; *Moore v. City of Central City,* 118 Neb. 326.

The power of the city to appropriate money for an audit of the accounts of the treasurer and clerk and to enter into a contract therefor seems clear. Those officers are accountable to the city council for the faithful performance of their official duties. The treasurer is custodian of city funds and is required by law to keep accounts and make monthly reports to the council, showing the state of the treasury. Comp. St. 1929, secs. 17-513, 17-514. The power of the council to see that these duties are performed, including an essential audit, is necessarily implied. The council may determine from an unsatisfactory condition of city records when an audit is necessary. Compensation therefor was an administrative expense within the purposes for which the general fund was created by ordinance. The sum of specific items enumerated in the general fund was not the limit of the appropriations therefor. This is recognized by the ordinance itself. The general fund includes an item of $463 for "purposes not specifically enumerated." This item alone would clearly include compensation for the audit if the amount had been $495, instead of $463, but, standing alone, the expense would exceed the appropriation by $32 and for that reason the contract would be void under the ruling in *Moore v. City of Central City,* 118 Neb. 326. In the case at bar, however, the parties stipulated:

"It is further stipulated that at the beginning of the fiscal year beginning May 1, 1929, and ending May 1, 1930, there was in the general fund unexpended from the preceding fiscal year the sum of $1,111.11."

This fund, unlike the items specifically enumerated in the appropriation bill, was in the city treasury at the time and therefore not to be raised by future taxation. At the beginning of the fiscal year it was available for general fund purposes. *Christensen v. City of Fremont*, 45 Neb. 160; *Carr v. Fenstermacher*, 119 Neb. 172. When the items of $1,111.11 and $463 are considered parts of the general fund available for the fiscal year beginning May 1, 1929, the appropriation was sufficient to meet the expense of the audit at the time the contract was executed, if not then reduced below $495 by payment of other claims. If then sufficient to meet the expenditure, subsequent depletion would not invalidate the contract. *Williams v. City of Stockton*, 195 Cal. 743; *Curtis v. Jersey City*, 82 N. J. Law, 250; *City of Woodward v. Manhire Grate & Equipment Co.*, 98 Okla. 83; *City of Chicago v. Berger*, 100 Ill. App. 158. In absence of evidence showing misconduct or disregard of law, regularity of official acts is presumed. *Kelly v. Broadwell*, 3 Neb. (Unof.) 617; *Paxton v. State*, 59 Neb. 460; *Meeske v. Baumann*, 122 Neb. 786. On the face of the record it is not presuming too much to infer that the mayor and city councilmen in entering into the contract considered the availability of $1,111.11 in addition to the item for $463 and that they did not intend to procure the audit without making lawful provision for payment. The record does not show depletion of these items below the agreed price for the audit when the contract was executed. In this view of the case there was no defense to the claim of plaintiff. The judgment is therefore reversed and the cause remanded, with directions to enter a judgment according to the prayer of the petition.

REVERSED.