SALZER v. CITY OF EAST LANSING.

1. MUNICIPAL CORPORATIONS—INJUNCTION—TAXPAYERS.

In suit by taxpayer to enjoin purchase of land by city, trial court's finding that plaintiff was taxpayer, and, as such, entitled to bring suit, *held*, correct.

2. SAME—APPROPRIATION NECESSARY TO PURCHASE LAND BY FOURTH-CLASS CITY.

In absence of proper provision therefor in annual appropriation bill fourth-class city may not purchase land without sanction of two-thirds vote of electors (1 Comp. Laws 1929, §§ 2136, 2137, 2144, 2146, 2148, 2149, 2151).

3. SAME—IN ABSENCE OF APPROPRIATION IN BUDGET, VOTE OF ELECTORS NECESSARY.

Appropriation for purchase of land by fourth-class city, made after annual budget and appropriation bill had been passed, is ineffective, where not sanctioned by two-thirds vote of electors (1 Comp. Laws 1929, § 2148).

4. SAME—ESTOPPEL—VOID CONTRACT—STATUTES.

    Where mandatory statutory provisions for purchase of land by
    fourth-class city were not complied with, executory contract
    for such purchase was void, and therefore city is not estopped
    from denying liability thereunder (1 Comp. Laws 1929,
    §§ 2136, 2137, 2144, 2146, 2148, 2149, 2151).

Appeal from Ingham; Collingwood (Charles B.),
J. Submitted April 20, 1933. (Docket No. 101, Calendar No. 37,156.) Decided June 5, 1933.

Bill by Herbert S. Salzer, a taxpayer, against the
City of East Lansing, a municipal corporation, to
enjoin the purchase of real estate. William H.
Remez and another intervened and filed cross-bill
to compel specific performance of contract to purchase said real estate. From decree for plaintiff, ·
interveners appeal. Affirmed.

*D. G. F. Warner,* for plaintiff.

*Harry D. Hubbard,* for defendant.

*Fred L. Warner,* for interveners.

BUTZEL, J.   Counsel are in accord that the city of
East Lansing is governed by the statutes applying
to cities of the fourth class. The city collects its
city taxes in July and general taxes in December,
as provided by 1 Comp. Laws 1929, § 2136. Its
fiscal year begins on the first Monday in October of
each year.

    Representatives of the city became interested in
and negotiated for the purchase of certain land
adjoining its city hall and belonging to William H.
Remez and wife, who were purchasing it on executory contract from Thomas Gunson and wife. On
November 11, 1929, the council referred the investigation of the property to its civic committee. On

June 9, 1930, the committee recommended that the city place $1,000 in its budget to purchase lands but that the offers of Remez and several others be rejected. It was too late to make an appropriation for the ensuing fiscal year and none was made in subsequent years. On July 27, 1931, Remez sent a written communication to the council offering to sell the property, the price to be fixed by a board of appraisers, one to be selected by Remez, one by the city and the two to select the third. He also named the terms of payment. A motion was adopted on August 24, 1931, recommending that the Remez proposal be given favorable consideration. On September 14, 1931, another motion was adopted, authorizing the mayor and city clerk to execute such a contract in behalf of the city, the moneys for the purchase of the land to be charged to the contingent fund. The contract was duly executed. The appraisers met but did not agree, two of them fixing the price at $9,000 and the third at $7,500. Their reports were received and referred to the civic committee, which recommended that the matter be held in abeyance, because of the disagreement. The city refused to take any further definite action at a meeting in the fall of 1931, and Remez was told that the council would not authorize the purchase of his property.

About a year later, on September 2, 1932, Remez sent the council a communication demanding that definite action be taken at the next council meeting. On October 18, 1932, a suit was filed by Remez to enforce the agreement. The record does not show what became of this action. On October 7, 1932, plaintiff, Herbert S. Salzer, as a taxpayer, began the present suit to restrain the city from purchasing the property. After a hearing, the trial judge filed an opinion on October 25, 1932, and on the fol-

lowing day he signed a decree holding that the city could not purchase the property because no previous appropriation had been made. On December 3, 1932, William H. Remez and Bertha Remez, as interveners, filed a petition to vacate the decree, claiming that they were interested in the suit and had no previous knowledge of it. They asked that the decree be vacated and they be permitted to intervene. The trial judge granted the petition on December 13, 1932, ordering that interveners file their appearance and pleadings at once and appear for trial on Friday, the 16th day of December, 1932. An answer was filed and also a cross-bill, asking for specific performance of the contract to purchase.

The trial judge again held that the failure to make an appropriation to purchase the property rendered the contract unenforceable. He entered a new decree which was largely a reaffirmation of the former one. Remez and his wife appeal from this second decree.

The trial court's finding that plaintiff, Salzer, was a taxpayer, and, as such, entitled to bring suit, was correct. It is supported by the testimony. We need only discuss one of the large number of additional questions raised. The absence of a proper provision for purchase of the land in the annual appropriation bill is determinative of the issue. Without such a provision, the city had no right to contract for the purchase of the property. The following are the pertinent sections in the compiled laws with regard to the appropriation of moneys and the purchase of lands by fourth-class cities.

"It shall be the duty of the council to cause estimates to be made in the month of September, or in the month of May in each year, where the council has decided to have the taxes levied and collected in two instalments as authorized in section two of

chapter thirty of this act, of all the expenditures which will be required to be made from the several general funds of the city during the next fiscal year, for the payment of interest and debts to fall due, or for lands to be acquired, buildings to be erected or repaired." 1 Comp. Laws 1929, § 2144.

"The council shall specify in such ordinance the objects and purposes for which such appropriations are made, and the amount appropriated for each object and purpose, and to each of the general funds and street district funds. The council shall also designate in the appropriation bill the sums, if any, required to be levied to meet any deficiency for the current year, and the amount or part of any special assessment." 1 Comp. Laws 1929, § 2146.

"After the passage of the annual appropriation bill, no further sums shall be used, raised or appropriated; nor shall any further liability be incurred for any purpose, to be paid from any general fund or street district fund, during the fiscal year for which the appropriation was made, unless the proposition to make the appropriation shall be sanctioned by a two-thirds vote of the electors voting upon the proposition at the next annual city election or at any special election called for that purpose." 1 Comp. Laws 1929, § 2148.

"No improvement, work, repairs, or expense, to be paid for out of any general fund, or street district fund, excepting as herein otherwise provided, shall be ordered, commenced or contracted for, or incurred in any fiscal year, unless in pursuance of an appropriation specially made therefor, in the last preceding annual appropriation bill, nor shall any expenditure be made or liability be incurred, in any such year, for any such work, improvement, repairs, or for any purpose, exceeding the appropriation so made therefor; nor shall any expenditure be made, or money be paid out of any general or street district fund, for any purpose unless appropriated

for that purpose in said bill." 1 Comp. Laws 1929, § 2149.

"No public work, improvement, or expenditure shall be commenced, nor any contract therefor be let or made, except as herein otherwise provided, until a tax or assessment shall have been levied to pay the cost and expense thereof, and no such work or improvement shall be paid for, or contracted to be paid for, except from the proceeds of the tax or assessment thus levied, or from the proceeds of bonds issued in anticipation of the collection of said tax." 1 Comp. Laws 1929, § 2151.

1 Comp. Laws 1929, § 2137, provides in part:

"The revenues raised by a general tax upon all the property in the city, or by loan to be repaid by such tax, shall be divided into so many of the following general funds as are necessary: * * *

"Seventh, Public building fund,—for providing for public buildings, and for the purchase of lands therefor, and for the erection, preservation and repair of any such public buildings."

No estimates were made as required by section 2144, allowing for an expenditure for the purchase of Remez' land, nor was there any appropriation for such an expenditure included in the annual appropriation bill, as provided in section 2146. Even had an appropriation been made after the annual budget and appropriation bill had been passed, such appropriation would not have been effective, inasmuch as no steps were taken to obtain the sanction of two-thirds of the electors as required in section 2148. See *Tennant* v. *Crocker,* 85 Mich. 328.

Such statutory provisions are mandatory, and a failure to observe them renders contracts void, and the city cannot be estopped by its actions in the instant case from denying liability. See *DeKam* v. *City of Streator,* 316 Ill. 123 (146 N. E. 550); *May*

v. *City of Chicago*, 222 Ill. 595 (78 N. E. 912); *Stripe* v. *City of Waukegan*, 254 Ill. App. 74; *Moore* v. *City of Central City*, 118 Neb. 326 (224 N. W. 690); *Union School Twp. of .St. Joseph County* v. *Moon* (Ind. App.), 162 N. E. 61. Appellants claim that payments for the land may be made out of the contingent fund, but the law does not so provide. Section 2148, 1 Comp. Laws 1929, forbids the incurring of any liability, after the passage of the annual appropriation bill, to be paid from any general fund, unless the additional appropriation is sanctioned by a vote of the electors. Section 2137 lists the general funds among which the appropriations are to be distributed. The contingent fund is included in this section.

The action of the council was *ultra vires* and void. The decree of the trial court is affirmed, with costs to appellees.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.