V. J. LeBarron, appellant, v. City of Harvard, appellee.

Filed November 20, 1934. No. 29268.

*Sterling F. Mutz, Cloyd L. Stewart* and *Robert S. Stauffer,* for appellant.

*D. B. Massie, H. G. Wellensiek* and *John M. Paul, contra.*

Heard before Goss, C. J., Rose, Eberly, Day and Paine, JJ., and Redick, District Judge.

Redick, District Judge.

This is the second appearance of this case in this court. The former hearing is reported in *Campbell Co. v. City of Harvard,* 123 Neb. 539, the plaintiff, LeBarron, being substituted for Campbell Company. Upon a trial of the issues in that case the district court excused the jury and dismissed the case on the sole ground that the contract was void for want of an appropriation to pay the stipulated compensation. The order of this court was: "The judgment is therefore reversed and the cause remanded, with directions to enter a judgment according to the prayer of the petition." However, that order was changed to read:

"Reversed and remanded for further proceedings." The case is now here on this second appeal by plaintiff from a similar judgment of the district court dismissing the action.

The action is upon a written contract, dated October 22, 1929, entered into between Campbell Company and the city of Harvard for services rendered by that company in auditing the books of the city, the contract price being $495. The answer of the defendant alleges that the contract is void because there was no appropriation made for the purpose of the contract prior to its execution as required by the statutes governing cities of the second class, and also that it was void under the ordinances of the city of Harvard.

The first question was presented on the former appeal, upon the state of facts shown in the former opinion, which may be summarized as follows: On August 13, 1929, the city council passed an appropriation ordinance for the fiscal year ending April 30, 1930, in the total sum of $18,780, divided into various funds, including "General Fund $5,000." This general fund was subdivided into a number of specific items totaling $4,527 and, "For purposes not specifically enumerated $463," making a grand total of $4,990. By section 2 of the same ordinance there was levied upon all the taxable property of the city "For the purpose of raising the amounts set forth above, in addition to the occupation tax and the license money of said city," a total of 21 mills, including 4 mills for general fund. It was, however, stipulated in that case that at the beginning of the fiscal year, May 1, 1929, and ending May 1, 1930, there was in the general fund unexpended from the preceding fiscal year the sum of $1,111.11, and it was stated in the opinion that, "When the items of $1,111.11 and $463 are considered parts of the general fund available for the fiscal year beginning May 1, 1929, the appropriation was sufficient to meet the expense of the audit at the time the contract was executed, if not then reduced below $495 by payment of other claims. If then sufficient

to meet the expenditure, subsequent depletion would not invalidate the contract." The holding was in effect that there was a sufficient appropriation of the general fund to authorize the contract in question.

Upon the second trial the stipulation above referred to was excluded by the court, and such ruling is assigned as error by the appellant on the theory that in the absence of fraud or mistake a stipulation once entered into in a case is binding upon the parties for all time until the case is finally disposed of, but we do not deem it necessary to decide the point, especially as it appears from the evidence that the stipulation was entered into under a mistake of fact, to wit, there had been included in the balance shown on the treasurer's book, as a part of the general fund, the sum of $758.91 of money properly belonging to the water fund, and that unpaid warrants had been drawn against the fund prior to May 1, 1929, so that in truth and in fact the general fund on that date was overdrawn $213.99. It therefore appeared that the factual basis of our former opinion had been swept away.

It further appears in the evidence upon the second trial that the assessed valuation of the city of Harvard for the fiscal year under inquiry was $848,336 upon which a levy of 4 mills for general fund would produce only $3,393.34, to which if we add the balance supposed to be in the general fund May 1, 1929, $1,111.11, and the further sum of $890 shown to be the amounts collected from occupation tax and license tax during the fiscal year, we reach the sum of $5,394.45 as the total amount available for the general fund; or deducting the balance of $1,111.11 we have a total applicable to general fund of $4,283.34. It also appears from the evidence that there was a balance of $2,287.96 in the general fund at the date of the contract, October 22, 1929. A levy of 21 mills upon the assessed valuation would produce but $17,815.05, while the total appropriation was $18,780. It would therefore appear that in making the appropriation the council took into consideration the probable receipts from other sources

during the year, such as occupation and license taxes, the excess over the levy being $965. Under the statute the appropriation could not exceed the amount which the levy would produce, but we think this restriction is applicable only to appropriations payable out of the general levy of taxes, and that the council may anticipate revenues from other sources and include them in the appropriation to the extent thereof. If this view is correct, then the appropriation for $18,780 included the $890 anticipated and actually collected, the proper proportion of which was included in the $463 "for purposes not specifically enumerated." The levy produced $17,815 and the occupation and license taxes, $890, or a total of $18,705. It therefore appears that the appropriation exceeded the total revenues of the city by some $75, and it follows that no more, but something less, than $463 was available as a basis for plaintiff's contract. The contract being for more than the amount appropriated is void.

Upon the former hearing we held: "Unused and unappropriated money in a city treasury in the general fund at the time a contract for a necessary city audit is executed may, for the purposes of the contract, be available for payment of the auditor's stipulated compensation." Under the rule thus announced the plaintiff is not aided for the reason that the total funds available for general fund was $4,283.34 and specific appropriations from that fund amounted to $4,527; thus the balance shown in the general fund at date of the contract ($2,287.96) was used up by the appropriation to specific items, but each item in the fund is reduced proportionately to the amount available to it; and by this process the $463 would suffer, still leaving an amount insufficient to support plaintiff's contract.

We are forced to the conclusion that the contract sued upon is void for want of a previous appropriation to support it. See cases cited in our former opinion, 123 Neb. 539, at page 542.

The judgment of the district court is right and is

AFFIRMED.