Cummings et al. v. Scranton et al., Appellants.

Argued Nov. 22, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*M. J. Martin,* with him *A. A. Vosburg, of Vosburg & Vosburg,* for appellants, city councilmen.

*J. Julius Levy,* for intervening appellants, certain city employees.

*Stanley F. Coar,* with him *Leslie H. Simons* and *David J. Reedy,* for appellees, plaintiff taxpayers.

*Jerome I. Myers,* City Solicitor, with him *Alexander S. Gorny* and *Jerome K. Barrett,* Assistant City Solicitors, for appellees, Mayor, City Controller and City Treasurer.

OPINION BY MR. JUSTICE PATTERSON, March 20, 1944:

This appeal by the council and certain employees of the City of Scranton is to determine whether the council of a city of the second class A has power to appropriate surplus funds, representing an unused balance under the

general appropriation ordinance for the year, for the purpose of increasing salaries of some employees, without a certification by the mayor of an existing emergency, as required by the Act of 1901, P. L. 20, as amended by the Act of 1911, P. L. 461, 53 P.S. Section 9503. We are of opinion that the court below properly held that the council does not possess such power.

The Act of 1901, P. L. 20, as amended by the Act of 1911, P. L. 461, 53 P.S. Section 9503, governing appropriations by cities of the second class A, provides: "All taxes shall be levied and appropriations made annually, by general ordinances, prior to the first Tuesday of February, except . . . as may be made to provide for the payment of the principal and interest of any bonds to be issued, and except also in cases of emergency, when, on a certificate signed by the mayor and controller that such emergency exists, a special appropriation may be made to meet the same." The exceptions permitting special appropriations are admittedly not here involved. The legislative mandate that all appropriations shall be made annually by general ordinance prior to the first Tuesday of February is clear. The Act of 1941, P. L. 416, 53 P.S. Section 10720, in no way alters the effect of that statute. It merely prescribes the procedure to be followed in enacting the annual appropriation ordinance.

On December 17, 1942, city council, complying with the procedure required by the Act of 1941, supra, enacted its annual appropriation ordinance wherein were set forth an estimate or budget of the various items of expense to be incurred during the succeeding year, including salaries of employees. On April 20, 1943, council introduced an ordinance to amend the appropriation ordinance of December 17, 1942, "by transferring and appropriating certain funds and increasing the rate of salaries for certain employees in the various departments." On May 5, 1943, the date for the third reading of said ordinance, the title thereto was amended and the departments to which the appropriations should be ap-

plied were named. As amended, the ordinance was passed the first, second, and third readings and adopted the same day. This ordinance was vetoed by the mayor. By a vote of 4 to 1 council passed the ordinance over the veto. The funds attempted to be transferred and reappropriated consist of an unexpended balance for the year 1942, and a balance from salary appropriations for 1943 arising by reason of the induction of certain employees into the armed forces. Warrants were subsequently drawn for W. C. Miller and John T. Trunzo, intervening appellants, in accordance with the supplemental appropriation ordinance. This bill in equity by Emily Cummings, Amber Jones, and Leland Marsh, resident taxpayers, appellees, was filed, praying for the issuance of an injunction restraining the mayor and city controller from approving said warrants and the city treasurer from paying any warrant drawn for the payment of wages under said ordinance. Preliminary objections were filed to said bill. At a pre-trial conference all facts stated in the bill were admitted. Conclusions of law were denied. After a hearing, the court below issued the restraining order complained of.

Appellants contend (1) that the ordinance is not an appropriation ordinance but a transfer ordinance, authorized by the Act of 1901, P. L. 20, 53 P.S. Section 8825; and, (2) that council has the power, under the Act of 1911, P. L. 461, 53 P.S. Section 9495, to determine, in its discretion, the salaries of all city officials and employees who are not elected. Appellees contend that council is prohibited by various statutes from enacting the ordinance in question, and challenge the legality of the method pursued in enacting said ordinance as well as its unconstitutionality.

The existence or non-existence of power in the council of the City of Scranton to enact the ordinance complained of is fundamental to a determination of this case. Irregularities in form and procedure might readily be corrected. Absence of power to act is fatal. Cities

of the second class A were created by the Act of 1927, P. L. 18, 53 P.S. Section 1. They are regulated by legislation specifically applicable to their particular classification. See 53 P.S. Section 10701 to Section 10808. Unless otherwise provided by law, cities of this class are also to be governed by laws regulating cities of the second class, which were in effect when the cities of the second class A were created: Act of 1927, P. L. 18, 53 P.S. Section 3. See *Schneider v. Scranton*, 330 Pa. 507, 509.

An appropriation is the setting apart and establishing out of the general resources of the municipality, created largely by taxation, a certain fund for a particular purpose. See McQuillan, Municipal Corporation, Section 2346; 42 Am. Jur. 43. The lawful transfer of money from one fund to another is not an appropriation: *Chicago v. Berger,* 100 Ill. App. 158. There is an entirely new obligation created by the ordinance in question and an appropriation of funds for the payment thereof; not merely the transfer of funds from one department to another. Had the items of appropriation, made in the general budget ordinance, been transferred and no appropriation made, an entirely different situation would be represented. *Cf. Bailey v. Philadelphia,* 167 Pa. 569, 574. Assuming, however, that no appropriation had been made for the increase in salaries authorized by the ordinance in question, appellants could not enforce payment of such increase for it is too well established to admit of argument that without an appropriation there can be no payment of salaries: *Thiel v. Philadelphia,* 245 Pa. 406, 408. Clearly this is an appropriation ordinance; council did not intend it to be a transfer ordinance. In *Raton Water Works v. The Town of Raton,* 9 N. M. 70, 49 Pac. 898, a New Mexico statute provided that an ordinance making appropriations for the ensuing year should be enacted within the last quarter of the year. A general appropriation ordinance was enacted in accordance with the statute. Subsequent thereto, council enacted a second ordinance, increasing the appropriations in certain

respects. The court, in holding that the ordinance, passed after the beginning of the year and increasing the regular appropriation, was void insofar as the increases were concerned, said (p. 908) : "Trustees of defendant town corporation had no authority to enact and enforce Ordinance No. 64 . . . so as to in any manner change or affect the appropriation then existing for that fiscal year." ". . . if an annual appropriation ordinance is required by statute . . . for the ensuing year, such ordinance cannot be changed, after the beginning of such fiscal year, by an ordinance changing appropriations": McQuillan, *op. cit. supra,* Section 2349, p. 987.

Appellants argue, however, that the Act of 1901, P. L. 20, as amended by the Act of 1911, P. L. 461, 53 P.S. Section 9495, expressly confers upon council the discretionary power to determine the salaries of all employees who are not elected. This act provides : "They [council] shall also have power to fix, from time to time, salaries of all city officials and employees who are not elected." This statute cannot operate to nullify the legislative mandate of the Act of 1901, supra, that all appropriations shall be made annually by general ordinance prior to the first Tuesday of February. These two statutes must be read together. The legislature in enacting regulatory statutes intends a reasonable and just grant of power, not a power to be exercised arbitrarily, indiscriminately, and without regard to the interests of those for whom benefits were intended. Provision has been made by the legislature requiring publication of the intended annual appropriation ordinance to enable the public to express its approval or disapproval of contemplated disbursements.

Failure to construe "from time to time" with reference to the legislative mandate that all appropriations shall be made annually would enable city council to manipulate salaries as they might desire. No blue print of expenditures would be assured of reasonable effectiveness. Any surplus accruing, from whatever source,

could be expended immediately to increase salaries. Conceivably no surplus would be preserved and applied to the budget for the ensuing year. Reduction of taxes would become a mere possibility. The construction contended for by appellant would tend most strongly to a loose and irresponsible fiscal policy and would open the doors to fraud and partisanship. The selection of 114 employees from a total of more than 900 employed by the City of Scranton, for a salary increase would inevitably result in confusion and dissatisfaction and tend to disrupt and destroy efficient service to the municipality. An intention to create such an undesirable situation will not be attributed to the legislature. We are of opinion that the legislature intended "from time to time" to refer to the enactment of the annual appropriation ordinance. Council must, therefore, make provision in such ordinance for all increases in salaries which it might deem necessary and proper. It does not have power to fix salaries from week to week, month to month, or at any other time during the fiscal year after the enactment of a general appropriation ordinance.

City council is trustee of the funds over which it has control. The legislature has delimited the powers to be exercised by such trustee. It may increase or diminish that power: *Schneider v. Scranton*, supra, 511. If the legislature intended the council of a city of the second class A to have the power here exercised, appropriate legislation could and would have been enacted. Having concluded that the power to enact the ordinance in question does not exist, it is unnecessary to consider other issues raised in this appeal.

The decree of the court below is affirmed. Costs to be paid by appellants.