Opinion by
Dithrich, J.,
Plaintiffs, eighty-nine salaried firemen of the City of Altoona, a third class city, sued to recover various sums alleged to be due each of them for services rendered on “rest” days during the fifteen-month period beginning January 1, 1943, and ending April 1, 1944.
The Act of March 16, 1937, P. L. 103, §1, 53 PS §12198-2103, regulating hours of service of such fire *610 men, provided: “The employes of such fire forces shall be allowed to. have at least twenty-four consecutive hours of rest in every calendar week ... In cases of riot, serious conflagration, times of war, public celebrations, or other such emergency, the chief engineer of the bureau of fire . . . shall have the power to assign all the members of the fire force to continuous duty, or to continue any member thereof on duty, if necessary. No member of either of said shifts, bodies or platoons shall be required to perform continuous day service or continuous night service for a longer consecutive period than two weeks, . . . excepting in cases of emergency, as above provided.”
It will be noted that the Act as it stood during the period involved in this suit made no provision for compensation to firemen for additional hours of employment in emergencies. It was not until the enactment of the Act of May 18, 1945, P. L. 807, §2, 53 PS §12198-2103, that such provision was made by adding the following: “. . . Provided, That for the duration of the present war, and six months thereafter, the hours of service may exceed the number hereinbefore provided as the maximum number of hours of service, and in such cases, council shall provide for the payment of extra compensation for any hours of service, at the same rate as paid for regular service in excess of such maximum hours of service. . . .”
Plaintiffs filed a complaint in assumpsit in the Court of Common Pleas of Blair County setting forth the above provisions and averring that on December 26, 1942, the Chief of the Bureau of Fire of the City published an order, effective January 1, 1943, abrogating until further notice the section of the Act allowing the twenty-four hour rest periods; that plaintiffs did work on a considerable number of their “rest” days; that no sufficient appropriation had been made to compensate them *611 for this extra work; that they demanded extra compensation; and that their demand was refused on the ground that no appropriation had been made therefor.
The City filed preliminary objections on three grounds, the third of which was that the complaint did not state a sufficient cause of action, in that it did not show that any contract had been made by the City to pay the firemen the amount claimed and that no appropriation had been made to coyer the said claims. The learned president judge of the court below dismissed the complaint and entered judgment for the defendant, basing his decision on the ground that the complaint did not state a legally sufficient cause of action.
There is no Pennsylvania case directly in point. But the case of Crane v. City of New York, 185 Misc. 456, 57 N. Y. S. 2d 251, affirmed per curiam by the Court of Appeals in 296 N. Y. 717, 70 N. E. 2d 538, is very much in point. The plaintiffs in that case stated in their complaint that they were New York City firemen, receiving a fixed annual salary pursuant to the Administrative Code of the City of New York, which also provided that they should not fie required to work more than eight hours a day six days a week, “except, in the event of conflagrations, riots or other similar emergencies”; that on January 1, 1944, because of an emergency caused by the manpower shortage the Commissioner of the Fire Department directed the plaintiffs to work more than eight hours per day and in excess of forty-eight hours per week, in accordance with a fixed schedule promulgated by the Fire Commissioner; and that they so worked for nearly four months. The plaintiffs claimed payment for services rendered in excess of the statutory work day and week on the basis of which their salaries had been fixed. On defendant’s motion the complaint was dismissed, the Court saying (57 N. Y. S. 2d at page 253) :
*612 “I find no authority to support the plaintiffs’ claim that when, in an emergency, they are compelled to work overtime they are entitled to be paid for such extra work. The very nature of their duties requires them to be in readiness to meet emergencies, and I can see no distinction between an emergency created by an unusually large and widespread conflagration and one created by the potentially dangerous condition existing in this City from January 1, 1944, to April 29, 1944, because of the war. . . . (Italics supplied.)
“Plaintiffs’ claim that they are entitled to recover on an implied contract or on the theory of unjust enrichment cannot be upheld. . . .
“Plaintiffs, in the absence of an express statutory provision requiring defendant to pay them for overtime, are restricted to the compensation fixed for .them in the budget. (Italics supplied.)
“ ‘The public officer seeking payment from the public treasury must put his finger on some statute whereby payment is permitted.’ Stetler v. McFarlane, 230 N. Y. 400, 408, 130 N. E. 591, 594.
“To hold otherwise would be violative and disruptive of the budgetary scheme on which the City operates.”
The learned court below based its decision largely on the fact that no appropriation had been made for paying the claim, relying mainly on the Act of July 2, 1941, P. L. 235, §1, 53 PS §12198-1804, which provides, in part, that “No money shall be paid out of the city treasury except upon appropriation made according to law . . .” In support of its decision it cites Thiel v. Philadelphia, 245 Pa. 406, 91 A. 490. That case involved a taxpayer’s bill to restrain city officials from paying salaries to officials and employes for services rendered, for which no appropriation had been made. In sustaining the award by the court below of a preliminary injunction, the Supreme Court said (page *613 408) : “The learned court below very properly held that no appropriation having been made for the payment of the salaries in question, there was no fund upon which warrants could be drawn to make such payments, and that the city officials not having authority to divert public moneys from the purposes for which they were specifically appropriated, the injunction should be awarded. . . . Without an appropriation there can he no payment of salaries. This is too well settled to admit of argument.” (Italics supplied.) See, also, Cummings v. Scranton, 348 Pa. 538, 36 A. 2d 473.
Plaintiffs, while tacitly conceding that there was no appropriation for the payment to them of extra compensation, contend that the law implies a contract to pay a fair compensation for services rendered. In answer to that contention we need only cite Willis Bancroft, Inc., v. Millcreek Township, 335 Pa. 529, 6 A. 2d 916, where the Court, at page 536, reaffirmed the principle “that an implied contract with a municipality is expressly prohibited here by statute,” without citing the numerous other authorities on which the principle is based.
They further contend that they are entitled to recover on the principle of a “moral obligation” or upon a quantum meruit. “A moral obligation in law is defined as one ‘which cannot be enforced by action but which is binding on the party who incurs it, in conscience and according to natural justice,’ and again, a ‘duty which would be enforceable by law, were it not for some positive rule, which, with a view to general benefit, exempts the party in that particular instance from legal liability:’ 15 Am. & Eng. Ency. of Law, 716. In this state it is held that such an obligation will sustain an express promise to pay, . . . [citing cases]”: Bailey v. Philadelphia, 167 Pa. 569, 573, 31 A. 925. But as stated by the learned president judge of the court *614 below: “The trouble with plaintiffs’ claims in this case is that even though they . . . assert a moral obligation they do not plead an express promise to pay ... On the contrary they . . . aver that the City authorities have refused to pay for the reason that there was no appropriation.”
As to the right to recover upon a quantum meruit, the Supreme Court said in Willis Bancroft, Inc., v. Millcreek Township, supra (page 536) : “The courts will not assist any claimant ... by permitting a recovery upon a quantum meruit for service rendered or material furnished [to a municipality].” (Italics supplied.) On pages 537, 538, it quoted from the opinion of Justice Agnew in Hague v. City of Philadelphia, 48 Pa. 527, as follows: “ ‘If . . . courts of justice hold that public servants can without authority bind the public for extras, even in proper and honest cases, they establish a principle which will greatly add to the demoralization of public contracts, and the means of robbing the treasury, whenever fraud and dishonesty can succeed in covering up the wrong. . . .’”
Nor are we impressed by appellants’ argument that the amendment of 1945, providing for the payment of extra compensation, “is declaratory of the law of restitution” and imposes retroactively liability on the City to pay their claims. Article Y, §73, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §573, under the heading “Amendatory Laws,” specifically provides: “Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the *615 time of tbeir original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective.” (Italics supplied.) Since tbe 1945 amendment did not become effective until May 18, 1945, tbe “new provision” providing for tbe payment of extra compensation must be construed as effective only from that date and not as of tbe date when tbe Act was originally enacted so as to cover tbe period in question.
Judgment affirmed.