COUNTY OF CUSTER V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL.

FILED OCTOBER 1, 1901.   No. 10,116.

Commissioner's opinion, Department No. 3.

1. **Taxes**: LEVIED FOR UNAUTHORIZED PURPOSE: INVALID EXCEPT FOR NON-LIABILITY: FORMAL PROTEST. Under section 144, chapter 77, Compiled Statutes, where it is claimed that the taxes were levied or an illegal or unauthorized purpose, or that they are invalid for any reason, other than that the property was not liable to taxation, or that it had been twice assessed in the same year, no formal protest is required.

2. **Demand**: SPECIFICATION. The demand for a return of taxes, required by said section, is sufficient if it specifies the taxes sought to be recovered, the ground upon which their return is demanded, and includes a demand for repayment.

3. **County Attorney**: CONFESSION OF JUDGMENT AGAINST COUNTY. A county attorney has no authority to enter a voluntary appearance in court, and confess judgment against the county.

4. ——: ——: AUTHORITY OF COUNTY BOARD. A mere resolution of the county board, authorizing the county attorney to confess judgment against the county, does not authorize him to enter a voluntary appearance and confess such judgment; and a judgment confessed, under such circumstances, is void.

5. **Levy of Tax to Pay Invalid Judgment Void.** A levy of a tax by a county board for the payment of judgments is unauthorized if there are no judgments against the county when the levy is made.

6. **Allowance of Claim**: JUDGMENT. An order of a county board allow-

46

ing a claim against the county is not a judgment, within the meaning of the statute providing for the levy of a tax to pay judgments against the county.

7. ———: ———: APPEAL. No appeal lies from an order of the county board, disallowing a claim, made in pursuance of the provisions of section 145, article 1, chapter 77, Compiled Statutes.

8. ———: BASIS OF ACTION. An order of a county board, acting in pursuance of said section in the rejection of a claim, is not such an adjudication as will bar the claimant's right to maintain an original action on such claim in the district court.

ERROR from the district court for Custer county. Heard below before GRIMES, J. *Affirmed.*

*J. R. Dean,* for plaintiff in error.

*J. W. Deweese, Nathan K. Griggs, John S. Kirkpatrick* and *Frank E. Bishop, contra.*

ALBERT, C.

This action was brought in the district court by the Chicago, Burlington & Quincy Railroad Company, plaintiff, against Custer county, defendant, to recover taxes paid by the plaintiff under what is claimed to have been an illegal levy. A trial to the court, without a jury, resulted in a finding and judgment for the plaintiff. The defendant brings the case here on error.

The petition sets forth three causes of action, but, as plaintiff's right to recover on the first and second is conceded, the third alone concerns us at this time.

The tax in question was levied in 1895, at which time there was levied for ordinary county revenue nine mills, and, in addition thereto, among other items, four and one-half mills for the payment of judgments against the county. The plaintiff paid its share of the four and one-half mill levy under protest, and, within due time, demanded its return. On defendant's failure to comply with such demand, the plaintiff brought this action assailing the validity of the four and one-half mill levy, on the ground that no judgments existed against the county at

the time of the levy, and for that reason it was unauthorized and illegal.

The first assignment of error relied on by the defendant is that the court erred in overruling its objection to the introduction of any testimony. This assignment is based on the alleged insufficiency of plaintiff's protest and demand. In support of its position the defendant cites *City of Omaha v. Kountze,* 25 Nebr., 60. The case cited is not in point. It was brought under section 1 of chapter 12 of the Laws of 1883, which provides for the recovery of special taxes levied by cities of the first class, and provides in specific terms that "no court shall entertain any complaint * * * not specified in said notice fully enough to advise the city of the exact nature thereof," and relates entirely to cities of the first class. The procedure for the recovery of illegal taxes from a county is regulated by section 144, article 1, chapter 77, of the Compiled Statutes, which specifies two classes of cases. The first includes cases where the property on which the tax was levied was not liable to taxation or had been twice assessed in the same year, and taxes paid thereon; the second, where the taxes are levied for an illegal or unauthorized purpose, or for any other reason are invalid. Under the second, no protest is required, but the party paying the tax is required, within thirty days after payment, to demand the same in writing from the treasurer of the county, and, if the taxes are not refunded in ninety days, the party may bring his action against the county therefor. The case at bar falls within the second class and no formal protest was required. The demand was in writing and covers almost a page of closely written matter. It is amply sufficient to inform the defendant of the taxes referred to, that they had been paid by the plaintiff, the ground upon which plaintiff claimed they were invalid and contained a demand for their return. Such a demand is sufficient under the statute.

The other assignments search the entire record, and squarely present the question whether the taxes levied for

the payment of judgments against the county were valid. The authority of the county board to levy a special tax for the payment of judgments is to be found in sections 1 and 2 of article 6 of the chapter just referred to, and which, so far as are material at present, are as follows:

"Sec. 1. Whenever any judgment shall be obtained in any court of competent jurisdiction in this territory for the payment of a sum of money against any county, * * it shall be the duty of the county commissioners * * * to make provisions for the prompt payment of the same.

"Sec. 2. If the amount of revenue derived from taxes levied and collected for ordinary purposes shall be insufficient to meet and pay the current expenses for the year in which the levy is made, and also to pay the judgments remaining unpaid, it shall be the duty of the proper officers of the corporation, against which any such judgment shall have been obtained and remaining unsatisfied, to at once proceed and levy and collect a sufficient amount of money to pay off and discharge such judgments."

From the sections just quoted it is clear, we think, that the existence of judgments against the county at the time of the levy is a condition precedent to a valid exercise of the power by the county board to levy a tax for the payment of judgments. Hence, the question presented is, whether at the time of the levy complained of there were any judgments in existence against the county. But one judgment is claimed to have existed in the district court against the county at that time. The record introduced in evidence to establish the fact of the existence of such judgment is as follows: "On this 3d day of December, 1892, this cause came on to be heard and the defendant by its attorney in open court confesses judgment in favor of the plaintiff for the sum of $1,522.29." This confession is followed by no adjudication of the court, and we do not think it will be seriously urged that, standing alone, it constitutes judgment, so we may dismiss it from further consideration. The other judgments relied upon to support the levy were rendered in the county court upon the vol-

untary appearance and confession of the county attorney, whose only authority in the premises was the following resolution of the county board: "Resolved, that the county attorney be instructed to confess judgment in the county court on all allowed claims for the year 1894, which can not go into warrants, whenever the owner of the claim asks for judgment."

·Where there has been no service of process to give the court jurisdiction to render judgment by confession, the law requires the personal appearance of the party or of his attorney, acting under a warrant of attorney. Code of Civil Procedure, secs. 433-437. It is clear that the county can not appear personally. Whether any officer or body of officers is authorized to execute a warrant of attorney on behalf of the county we are not required to determine, for the reason that the resolution under which the county attorney acted is not, and does not purport to be, such warrant. The judgments are absolutely void; the county court had no. jurisdiction over the county, to say nothing of the subject matter. *Chicago, B. & Q. R. Co. v. Hitchcock County,* 60 Nebr., 722; *Grand Island & N. W. R. Co. v. Baker,* 71 Am. St. Rep., 926.

The judgments above referred to were based on claims previously allowed by the county board, and the ·defendant insists, that though there were no judgments in the district or county courts, the orders of the county board allowing such claims were judgments, within the meaning of the statute, and sufficient to authorize a levy for their payment. In support of this position many decisions of this court are cited, holding that in the allowance or rejection of a claim a county board acts judicially, and the act is in the nature of a judgment. *Heald v. Polk County,* 46 Nebr., 28; *State v. Vincent,* 46 Nebr., 408; *State v. Merrell,* 43 Nebr., 575. We do not doubt the soundness of the rule announced in those cases, but it has no application to the case at bar. The statute, in express terms, refers to judgments obtained in court. While a county board, in some matters, exercises judicial func-

tions, it is not a court, within a constitutional sense, nor within the general acceptation of that term. *Stenberg v. State,* 48 Nebr., 299. The statute under consideration was enacted by the territorial legislature, and was intended to supplement section 31 of chapter 9 of the Revised Statutes, which made a judgment a lien on public property, but provided that no execution could issue thereon, until the county commissioners should have had six months in which to levy a tax for their payment. The object of the supplemental act was to make the duty to provide for the prompt payment of judgments clearly mandatory, and it applies exclusively to judgments upon which execution may issue. To hold otherwise would be to hold that so often as a claim is allowed by the county board, whatever its nature, for the payment of which the ordinary revenues of the county are insufficient, that the county board should at once proceed to provide for its payment by a special levy. *Jackson v. Washington County,* 34 Nebr., 680. When we take into account the frequency with which claims are allowed under such circumstances, we can form some conception of the confusion that would result from a practical application of the doctrine that the allowance of a claim by the county board is a judgment, within the meaning of the statute under consideration.

It is urged that some of the claims allowed were for the fees and salaries of officers of the county, and that, to that extent, at least, the levy should be upheld so long as it does not exceed the fifteen-mill limit. We are unable to concur in that view. The levy was for a specific purpose, namely, the payment of judgments against the county. We have seen that no such judgments existed, and that the levy for that reason was unauthorized.

It is suggested, rather than argued, that plaintiff's claim for the taxes was first filed with the county board, disallowed by that body and no appeal taken from the order disallowing it, and, for that reason, that there is some doubt whether plaintiff may maintain an original action in the district court therefor. Section 144, article 1, chap-

ter 77, of the Compiled Statutes, as hereinbefore stated, provides the remedy for the recovery of taxes levied for an illegal or unauthorized purpose. That section provides for a demand on the county treasurer. The section immediately following it expressly provides for the transmission of a copy of the demand to the county board, and that such board shall pass upon it as any other claim. It is further provided by section 144 that unless taxes levied for an illegal or unauthorized purpose are refunded within ninety days after such demand on the county treasurer, as therein provided, the claimant may sue the county for the amount so demanded. From the record it appears that the statutory directions were strictly pursued, and that the action of the county board was in pursuance of such directions only. The provisions of section 145 are intended to enable the county board to inquire into the merits of the claims filed, and to pay such of them of that character as it may deem just without litigation. It makes no provision for an appeal, and, taken in connection with the preceding section, which gives the claimant the right to sue unless the taxes are refunded within a given time, it is clear that it was not the intention of the legislature that the action of the county board in pursuance of section 145 should operate as an adjudication against the claimant.

We discover no error in the record, and therefore recommend that the judgment of the district court should be affirmed.

AMES and DUFFIE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

SULLIVAN, J., absent, not voting.