ALBERT H. SCOTT, APPELLANT, v. CITY OF LINCOLN, APPEL-
LEE.

FILED MAY 15, 1920. No. 20679.

1. **Municipal Corporations: POWER TO CONTRACT.** The city of Lincoln
has no power to contract except through the action of its council
as a body.

2. ———: ———: FIREMEN. Chapter 7, Laws 1913, requiring a city
of not less than 40,000 nor more than 100,000 population to adopt
a 12-hour working day for its firemen, and providing that "the
proper officers having charge of the fire department of such city
are required to make suitable rules and regulations to carry these
provisions into effect," does not authorize a single member of the
council to bind the city by a promise of additional compensation
to a fireman, who has previously been required to be on duty 24
hours a day, if he will remain in the service while the city con-
tests the validity of such legislative act, provided the act is up-
held by the courts.

3. ———: CONTRACT: IMPLIED RATIFICATION: PETITION: SUFFIENCY.
In an action against a city on an implied ratification of an un-
authorized contract, the petition must show knowledge of the ex-
istence of such contract on the part of the governing body of the
city. and where there is no express averment of knowledge, but
plaintiff relies upon an implication from the facts pleaded, the
petition is demurrable if the facts are consistent with a want of
knowledge on the part of the governing body.

4. ———: ———: ESTOPPEL. The mere receipt of benefits under an
unauthorized agreement made by a single member of a city council
does not render the city liable on the contract, where such bene-
fits are received without the knowledge of the other members of
the council and there is no ratification.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Fawcett, Mockett & Walford* and *Burr & Brown*, for
appellant.

*C. Petrus Peterson* and *Charles R. Wilke*, contra.

Scott v. City of Lincoln.

Per Curiam.

This is an appeal from an order sustaining a demurrer to plaintiff's petition and a judgment dismissing his cause of action.

In 1913 plaintiff was in the employ of defendant city as a fireman, at a salary of $80 a month. The legislature that year passed an act, applicable to cities of defendant's class, which provided: "No fireman, other than the chief and assistant chief of the fire department, shall be compelled or required to be on duty more than twelve (12) hours continuously in any one day, and each fireman shall be entitled to twelve (12) consecutive hours of each day, alternating from day to night and from night to day once each month, from seven (7) o'clock to seven (7) o'clock, without being subject to duty or called to do or perform any work or services as such fireman, and the proper officers having charge of the fire department of such city are required to make suitable rules and regulations to carry these provisions into effect; provided, however, in the event of a great conflagration, or unusual fire or fires, the chief of the fire department, at his discretion, may require such fireman, as may at that time be off duty, to assist in the protection of life and property." Chapter 7, Laws 1913. Up to this time plaintiff and the other firemen of the city had been required to be on duty 24 hours a day.

Defendant refused to recognize the act of the legislature and undertook to contest its validity. Plaintiff notified the fire chief, and the commissioner of public safety, who was intrusted with the supervision of the department as a member of the city commission, that he would no longer work for the compensation then paid him, except on a 12-hour day basis. The commissioner of public safety, according to plaintiff's claim, promised him, if he would remain in the service, and the double shift law should be upheld, the city would regard his salary as having been drawn on a 12-hour day basis, and would pay him at the same rate for the additional hours

h'e had put in. In December, 1915, the city was obliged to put the act of 1913 into effect, under the decision of this court. *State v. City Council of City of Lincoln,* 98 Neb. 634. Plaintiff thereupon claimed to be entitled to $2,312 additional salary, and, upon the refusal of the city to pay, he instituted this suit to recover "the amount due him under said agreement for said extra time  *  *  * at the rate of $80 a month."

It is not contended that the contract upon which plaintiff sues was ever formally entered into by the city commission, and the demurrer to the petition raises only these two questions: (1) Did the chief of the fire department and the commissioner of public safety have power to make a contract of employment which *ipso facto* would bind the city? (2) If the fire chief and the commissioner of public safety had no such power, is the city liable on the ground of an implied ratification, under the facts stated in the petition?

In support of the power of the chief of the fire department and the commissioner of public safety to make the agreement alleged, plaintiff relies upon that part of the double shift act which provides that "the proper officers having charge of the fire department of such city are required to make suitable rules and regulations to carry these provisions into effect," and upon the assertion that persons applying for a position in the fire department were accustomed to go to the chief of the department or to the commissioner of public safety, and not to the city commission or council.

Section 4414, Rev. St. 1913, vests the contracting power of municipalities of defendant's class, under the old form of government, in a mayor and city council. When defendant adopted a commission form of government, this authority was, by section 5298, Rev. St. 1913, transferred to the city commission. Chapter 7, Laws 1913, requiring the "officers having charge of the fire department  *  *  * to make suitable rules and regulations" to carry the double shift law into effect, is not

a modification of the contracting power of the city commission; it permits the making of supervisory and disciplinary regulations by the officers having charge of the fire department, but does not authorize the making of contracts of employment, or the altering of existing ones, by a single member of the city commission. Nor would the fact that this officer had been in the habit of employing men in the past override the provision of the statute; the city would not be liable on the contract unless it had previously been agreed to by the city commission so as to make the commissioner of public safety a mere administrative agent for its execution, and not a discretionary agent for its negotiation, or unless the unauthorized acts of the commissioner were subsequently ratified.

Plaintiff does not claim that the city commission directed the making of the contract in suit, and the question therefore turns on ratification. There can be no ratification without knowledge, and there is no allegation in the petition that the city commission knew or approved of the act of the commissioner of public safety in promising plaintiff additional compensation should the double shift law be upheld. Plaintiff relies upon an imputation of knowledge from the following facts: The city commission knew that the statute required the firemen of the city to work only 12 hours a day; plaintiff and the other firemen continued in the service for 28 months after the double shift act became effective; the commissioner of public safety met with the other members of the commission in daily session, and might reasonably be supposed to have spoken to them about the arrangement he had made with the firemen. But we cannot indulge in presumptions in favor of a pleader on demurrer. The facts stated do not unequivocally imply knowledge; there was no provision in the statute for extra compensation; the commissioner of public safety may not have informed the other members of the commission of the promise which he had made, and these

members may well have supposed that plaintiff and the other firemen were content to work under the old regulations while the city contested the legality of the legislative requirement.

It is urged that the city has received the benefit of plaintiff's services and is estopped to deny liability on the contract. The objection to this argument is that no contract with the city for additional compensation exists, either by virtue of previous authorization on the part of the commission, or by implied ratification through knowingly accepting the benefit of plaintiff's services. The petition is not based upon a contract which the commission has attempted to make or of which it had knowledge, or upon a claim in *quantum meruit*.

The demurrer was properly sustained.

AFFIRMED.

DAY and FLANSBURG, JJ., not sitting.