JOHN P. HELLEBERG, APPELLANT, V. CITY OF KEARNEY, APPELLEE.

297 N. W. 672

FILED APRIL 25, 1941. No. 31009.

*Dryden, Dryden & Jensen,* for appellant.

*George A. Munro, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, MESSMORE and YEAGER, JJ., and CHAPPELL, District Judge.

ROSE, J.

This is an action to recover $1,800 in damages for breach of a contract executed August 28, 1935, under which John P. Helleberg, plaintiff, was employed as an architect by the city of Kearney, defendant, to prepare preliminary sketches, plans and specifications for a city hall and to supervise construction thereof.

Plaintiff alleged in his petition that he performed and that the city accepted the preliminary services required by the contract and that the city failed to pay the agreed compensation therefor.

By answer defendant admitted the execution of the contract and the preparation by plaintiff of preliminary sketches, plans and specifications pursuant thereto, but alleged the contract became void by its own terms through failure of the electors of Kearney to adopt at the city election April 7, 1936, a proposition to issue municipal bonds in aid of the project. Liability for plaintiff's claim was denied.

Upon a trial of the cause the district court found the issues in favor of defendant and entered a nonsuit. Plaintiff appealed.

The sum of plaintiff's argument in support of contentions that the dismissal was erroneous and the claim for compensation valid is that the contract was ambiguous and was kept in force by interpretation, understanding and conduct of the parties until bonds were voted and until the federal Public Works Administration made a grant of funds pursuant to an application by the city. The provision of the contract under which plaintiff demands compensation or damages of $1,800 reads thus:

"If work is postponed or abandoned after the preliminary sketches are made, the owner agrees to pay the architect one and one quarter per cent. (1¼%) of the architect's estimated cost, or three per cent. (3%) when plans and specifications are entirely complete."

This is printed matter in a printed form with blank spaces for dates, names and additional provisions and is immediately followed by conditions inserted by the use of a typewriter and a pen in these words:

"Should the bond election fail or grant not be allowed then this contract becomes void."

It is contended by counsel for plaintiff that this latter provision is ambiguous and by interpretation and conduct of the parties, or by ratification or estoppel, did not operate to annul the contract, because the city voted bonds and the Public Works Administration eventually made the necessary grant of funds for the construction of a city hall.

Pending negotiations for the employment of an architect, plaintiff told the city council that there would be no charge for the preliminary plans prepared by him if the election failed. The same understanding was recited in minutes of the city council. Plaintiff testified that he himself inserted in the contract the provision: "Should the bond election fail or grant not be allowed then this contract becomes void." Plaintiff prepared plans and specifications for a city hall to be constructed at an estimated cost of $130,000. To aid in financing that project the city council submitted to the electors of Kearney, April 7, 1936, a proposition to issue municipal bonds and "the bond election

failed." At a meeting of the council December 7, 1936, the contract employing plaintiff was declared void and he was notified thereof by letter of the city clerk February 5, 1937. A second election April 6, 1937, to vote on a bond issue for a city hall and auditorium according to plans prepared by McClure & Walker, architects, was lost. Bonds were voted at a third election in September, 1938, to help finance a city building to cost $100,000 as planned by McClure & Walker. The Public Works Administration made a grant of funds for the same purpose and the project was eventually completed. The plans for the three projects and the propositions submitted to the voters were not the same. The proposition based on the plans prepared by plaintiff was never resubmitted to the voters. The plans on which the work of construction proceeded to completion were the plans of McClure & Walker. The city in the work of construction did not use the plans drawn by plaintiff. The facts outlined are established by the evidence. The district court so found and his findings on appeal have the effect of a jury's verdict, a jury having been waived.

Plaintiff insists, nevertheless, that he is not bound by the municipal resolution declaring his contract of employment void, since he did not have notice of such contemplated action of the council or timely notice of the resolution and pursued the duties of his employment until the bonds were voted.

The "bond election," contemplated by the parties to the contract of employment providing, "Should the bond election fail or grant not be allowed then this contract becomes void," means the first bond election subsequently held April 7, 1936. In the negotiations for the employment of an architect and in the making of the contract itself, no other election was mentioned, intimated or implied. The definite article "the" before "bond election" indicates one election, not an indefinite number of elections. Plaintiff himself selected and inserted in the contract the terms submitted for construction as ambiguous. They are not open to construction. The contract became void by its own terms upon

failure of the electors to vote bonds at the first election. Nothing was added to the nullity by the resolution of the city council.

Plaintiff insists further that he performed service under his contract of employment as architect after the failure of the city election April 7, 1936, at the request of members of the council or the city and the mayor and the city attorney; that consequently his contract of August 28, 1935, was kept in force for the purpose of his compensation in the event of postponement of the work of construction, and that the city is estopped to question the validity of his claim, which is based solely on breach of contract. He testified that, in response to such requests, he made investigations relating to the project; gave advice; made calculations; furnished estimates; was active in procuring a federal grant and for that purpose made trips to Omaha at his own expense and performed other services as architect in the interests of the city.

The construction of a city hall was the business of the city. It conducts business of this nature by proceedings of the council evidenced by public records. Plaintiff did not introduce in evidence any city records showing that the city council requested his services after the first city election or accepted the services to which he testified. The provision, "Should the bond election fail or grant not be allowed then this contract becomes void," applies to the entire contract, including compensation of the architect. No member of a city council or the mayor or the city attorney, each acting separately as an individual, can bind the city by a contractual obligation creatable only by official action of the city council, nor can any one of them ratify or reinstate a void city contract or estop the city from denying the validity thereof. *Scott v. City of Lincoln,* 104 Neb. 546, 178 N. W. 203.

In these views of the facts and the law, there is no error in the proceedings and judgment of the district court.

AFFIRMED.