JERRY BELZA, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, APPELLEE, v. THE VILLAGE OF EMERSON, A MUNICIPAL CORPORATION, NEBRASKA, ET AL., APPELLANTS, IMPLEADED WITH GERALD B. LONGWELL, COUNTY TREASURER OF DAKOTA COUNTY, NEBRASKA, APPELLEE.

64 N. W. 2d 214

Filed May 7, 1954. No. 33519.

*Harold T. Curtiss,* for appellants.

*Mark J. Ryan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Jerry Belza on his own behalf and all others similarly situated, plaintiff and appellee, against the Village of Emerson, a municipal corporation, and the members of the board of trustees of the village, defendants and appellants, and Gerald B. Longwell, County Treasurer of Dakota County, Nebraska, defendant and appellee, to have declared null and void and not a lien upon real estate of plaintiff and others similarly situated certain sewer assessments made by the village of Emerson against the real estate in question, and for an injunction preventing the collection of the assessments.

There was a trial to the court at the conclusion of which a decree was rendered in favor of plaintiff in his own behalf. No relief was granted to others similarly situated. A motion for new trial was filed and duly overruled. From the decree and the order overruling the motion for new trial the defendants, except defendant Longwell, have appealed.

The factual history back of this litigation to the extent disclosed is substantially as follows: Purportedly on or about January 18, 1923, the defendant Village of Emerson, which will be referred to as the defendant, levied special assessments against real estate in Emerson, Dakota County, Nebraska, including Lots 6 to 12, inclusive, in Block 19, North Addition. The special assessments were for part payment of the cost of a sanitary sewer system and disposal plant in Main Sanitary Sewer District Number 1, which had been created. The complete records as to proceedings creating the district and making the levy have not been located and of course were not produced at the trial.

The record of the special assessments was never properly certified to the county clerk for the purpose of having it placed on the tax list for collection, and the assessments were never placed on the tax list by the county clerk or by anyone else. A purported list was

found in the office of the county treasurer but no record of it was ever made in connection with the tax list or otherwise. No effort was made to enforce the alleged assessments as a lien against the property involved here until 1952.

At the time the assessments were made plaintiff was not the owner of any real estate involved but in September 1948, he purchased the lots which have been described. The assessment against the lots was $55 a lot. The rate of interest was 12 percent per annum on delinquent installments. In 1952 an effort was made to collect these amounts with interest. The defendant claimed a lien against the lots in the amounts assessed and the accumulated interest.

It was because of the effort to collect the assessments and interest and to enforce a claimed lien that this action was instituted.

It is not deemed necessary nor advisable to consider the question of the validity of the special assessments as such in the first instance, since a determination upon the question of whether or not the assessments, even if they were valid when levied, are a valid lien upon the real estate involved will be fully determinative of the case.

After the assessments were levied, it was required that within the time provided by law they should be certified to the county clerk and by him placed upon the property tax lists to be collected in the manner provided by law for the collection of state and county taxes in the county. § 4369, Comp. St. 1922; § 17-702, R. S. Supp., 1953.

The time provided by law for certification of taxes assessed by a city or village is July 15 of the year when the tax is assessed. § 77-1612, R. R. S. 1943.

Special assessments become a lien upon real estate only if regularly assessed and levied as provided by law. § 77-209, R. R. S. 1943.

In regard to special assessments the record must show

affirmatively a compliance with all the conditions essential to a valid exercise of the taxing power. The omission of essential facts may not be supplied by presumptions. Smith v. City of Omaha, 49 Neb. 883, 69 N. W. 402; City of Scottsbluff v. Kennedy, 141 Neb. 728, 4 N. W. 2d 878.

From an application of these rules to the facts as disclosed by this record it cannot be said that these special assessments ever became a lien on this real estate. Assuming but not deciding the regularity of the steps taken by the village of Emerson in assessing the special taxes for the purposes for which assessed, as to that portion attributed to the real estate involved here the required steps were not taken to cause it to become a lien. It was never properly certified and was not, within the time provided by law, placed upon the property tax lists.

It follows that the decree of the district court should be and is affirmed.

AFFIRMED.