STATE OF NEBRASKA EX REL. DON C. GOODSELL ET AL., APPELLANTS, V. GEORGE T. TUNNICLIFF, COUNTY TREASURER OF GARFIELD COUNTY, NEBRASKA, APPELLEE.

98 N. W. 2d 710

Filed October 23, 1959. No. 34615.

*Beatty, Clarke, Murphy & Morgan, Donald W. Peder-son, Frank E. Piccolo, Jr.,* and *James E. Schneider,* for appellants.

*Keith J. Kovanda,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to obtain a writ of mandamus to compel the county treasurer of Garfield County to accept the amounts tendered by relators in payment of the taxes due on certain described real estate owned by them, which amounts were shown to be due on the records in the office of the county treasurer. The trial court granted an alternative writ of mandamus and the respondent county treasurer filed an answer thereto. Upon a trial of the case the trial court denied the prayer of the relators for a writ of mandamus. The relators appealed.

The record discloses that on January 15, 1959, the relators tendered to the county treasurer the amounts shown to be due on the records of the county treasurer for taxes for the year 1958 on the lands described in the petition. Relators contend that the county treasurer is required to accept such amounts as full payment and to issue a tax receipt therefor. The respondent contends that the amounts shown on the records of the county treasurer are subject to increase because of a judgment of the district court for Garfield County in the case of Cassidy et al. v. County of Garfield et al., and that he would not accept less than the full amount due after the judgment in that case was given effect.

The only proper pleadings in a mandamus action, where an alternative writ is issued, are the writ and return or answer thereto. The return or answer will be deemed to be denied by the relator. State ex rel. Crawford v. Bisping, 89 Neb. 100, 130 N. W. 1034. In pleading a judgment it is sufficient to state that such judgment was duly given or made. If such allegation is controverted, as in the instant case, the party pleading it must establish, on the trial, the facts conferring jurisdiction. § 25-835, R. R. S. 1943. The burden of proof in the instant case is therefore upon the respondent to establish the jurisdiction of the court to render the judgment in the Cassidy case. Since the primary issue in the case is the validity of the judgment in the Cassidy case, we shall first dispose of that question.

The Cassidy case was an appeal from an order of the county board of equalization. The case being heard on appeal, the presumption of jurisdiction of the subject matter usually ascribed to courts of general jurisdiction does not apply. Sommerville v. Board of Commissioners of Douglas County, 116 Neb. 282, 216 N. W. 815. The Cassidy case was an appeal by a large number of taxpayers from an order reducing the valuation of certain lands in Garfield County. It was asserted that the order, bearing the date of June 27, 1958, was void for the reason that it was in fact made on July 1, 1958, a day beyond the period in which the county board of equalization was authorized to act.

The transcript filed in the appeal in this case shows that the resolution in question was adopted on June 27, 1958, a day when the county board was authorized to act. There is no evidence offered in the record of this case to the effect that the order of the county board of equalization was actually entered on July 1, 1958. Whether such evidence would be admissible on appeal to impeach the records of the county board of equalization, without first directly attacking it in the tribunal where made, we do not here decide.

The record shows that the county attorney appeared for the county of Garfield and the county board of equalization and entered into a stipulation, the effect of which required the entry of a judgment holding the resolution of June 27, 1958, to be void.

The evidence in the case shows that the judgment was entered on a stipulation between the county attorney and the attorneys for the plaintiffs in that case. The county attorney admitted that a part of the understanding at the time the stipulation was made was that a threatened contempt action against the members of the county board of equalization was to be abandoned. The record does not disclose that the county attorney was authorized by the county or its board of equalization to stipulate for the entry of an adverse judgment.

The records of the county board of equalization show that the order appealed from was entered within the time fixed by statute. No evidence to the contrary was offered, assuming that such evidence would be competent. The judgment stands solely on the stipulation of the county attorney that the order was rendered out of time. It is the rule in this state that a county attorney may not appear for or enter into stipulations against the interest of the county without express authority to do so. No such authority was given in the Cassidy case and the judgment based solely thereon is wholly void. The judgment being void, it is subject to collateral attack.

In County of Custer v. Chicago, B. & Q. R. R. Co., 62 Neb. 657, 87 N. W. 341, the court said: "Whether any officer or body of officers is authorized to execute a warrant of attorney on behalf of the county we are not required to determine, for the reason that the resolution under which the county attorney acted is not, and does not purport to be, such warrant. The judgments are absolutely void; the county court had no jurisdiction over the county, to say nothing of the subject matter." The county attorney was without au-

thority to confess judgment, or to stipulate to facts requiring an adverse judgment in the Cassidy case, and the judgment based thereon is void. Anstine v. State, 137 Neb. 148, 288 N. W. 525.

In Banking House of Castetter v. Dukes, 70 Neb. 648, 97 N. W. 805, the following pertinent language will be found: "It has often been somewhat loosely stated that, if a court had jurisdiction of the person and of the subject matter, its judgments were not subject to collateral attack. While in a general sense this is true, there is a qualifying principle that is often overlooked, which is, that the court must also have jurisdiction of the particular question which it assumes to decide. Mr. Black states the rule as follows: 'In order to the validity of a judgment, the court must have jurisdiction of the persons, of the subject matter, and of the particular question which it assumes to decide. * * * It cannot adjudicate upon a subject which does not fall within its province as defined or limited by law. Neither can it go beyond the issues and pass upon a matter which the parties neither submitted nor intended to submit for its determination.' 1 Black, Judgments (2d ed.), sec. 215. It is quite difficult to reconcile the cases bearing upon this subject. Some courts give a liberal construction to the rule and others are strict constructionists, and it is not seldom that the decisions of the same court are not reconcilable in principle with each other. But in this state the question seems to be foreclosed. In State v. Haverly, 62 Neb. 767, Judge Holcomb says (p. 781): 'It is fundamental that a judgment or final order made in the trial of a case must be founded upon and within the issues as made by the pleadings.'" The judgment shows on its face that it is based solely on a void stipulation. Such a judgment is void.

It is the declared policy of the law in this state that a county attorney may not confess judgment against a county without appropriate authority to do so. This

rule is for the protection of the public against results arising by improper or inept handling of litigation by a county attorney. In the instant case the county attorney confessed judgment for the county and the county board of equalization without any authority to prevent the filing of a contempt action against certain county officers. Certainly, the county attorney should not be permitted as a matter of public policy to trade away the rights of the public as a means of protecting individuals against personal action for their conduct. The county attorney operates counter to these provisions of law when he does so. Having no authority to confess judgment, any judgment based thereon is absolutely void and subject to collateral attack. If this were not so, and the judgment became final if no appeal were taken, the policy of the law could be easily thwarted, particularly as to those who were not parties to the action and yet bound by it because of its class nature. We conclude that the judgment in the Cassidy case is void, subject to collateral attack, and ineffective to defeat this issuance of a writ of mandamus.

The record shows that Cassidy alleged that the resolution appealed from was unjust and inequitable because it resulted in an arbitrary and nonuniform assessed valuation of farm lands in Garfield County outside the corporate limits of the city of Burwell. The record shows that the findings of the court were based on the void stipulation. Upon the placing of the stipulation in the record the court said: "The Court finds on the stipulation that the action of the County Board in reducing the assessment on certain of the lands in Garfield County, which was done on _____, was negative and void for the reason they do not comply with statutory procedures in arriving at the reductions which they actually made." The stipulation being void, the burden was on the respondent to show that the court had the jurisdiction and authority to enter the judgment it did. No such showing is made in

this record, in fact, the evidence is to the contrary.

There are other questions presented relating to the sufficiency of the notice of appeal, the service of process, the appropriateness of a petition in equity included in the petition on appeal, the sufficiency of the transcript, and other matters, alleged to void the jurisdiction of the court in the Cassidy case. In view of our holding that the judgment entered in that case was void and subject to collateral attack, it is not necessary that we determine these questions.

The trial court was in error in denying the prayer of the relators for a writ of mandamus commanding the respondent to accept the amounts tendered in payment of the taxes due for 1958 on the lands described in their petition and to issue a receipt in full therefor. The judgment of the district court is reversed and the cause remanded with directions to enter a peremptory writ of mandamus in accordance with the prayer of relators' petition.

REVERSED AND REMANDED WITH DIRECTIONS.