ARTHUR W. CAMPBELL ET AL., APPELLEES, V. CITY OF OGALLALA ET AL., APPELLANTS.
LESTER NYE ET AL., APPELLEES, V. CITY OF OGALLALA ET AL., APPELLANTS.

159 N. W. 2d 574

Filed June 7, 1968. Nos. 36876, 36877.

Firmin Q. Feltz, for appellants.

J. Cedric Conover and W. C. Conover, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

These cases involve appeals from judgments of the district court sustaining petitions in error in two separate paving districts and determining the special assessments levied therein to be null and void. Both cases involved the same issues and were consolidated for briefing and argument in this court.

On February 23, 1960, the city council of the city of Ogallala passed an ordinance creating street improvement district No. 44 in said city, which is involved in appeal No. 36877. The ordinance which created street improvement district No. 58 in said city involved in appeal No. 36876 was passed on December 12, 1960. The improvements were completed by January 13, 1964. On February 24, 1964, the city council, purportedly sitting as a board of equalization, levied special assessments on the lots and parcels of land abutting the improved streets. The appellees in both cases filed notices of appeal.

On March 23, 1964, appellees in both cases filed their petitions in error, together with what purported to be full and complete transcripts of the proceedings certified by the city clerk. On June 14, 1965, the matters came on for hearing, and after argument were taken under submission by the court. Thereafter, on June 23, 1965, appellants filed motions requesting leave to file supplements to the transcripts of appellees, alleging that said transcripts were not complete and for the further reason that the petitions in error allege that the defendant city did not require estimates of the cost of said projects from the city engineer prior to entering into a contract for the construction of said projects. Attached to the motions were copies of such alleged estimates, copies of agreements between the city of Ogallala and the State of Nebraska, and the minutes of the

regular meeting of the council on September 10, 1962. Appellees filed motions to strike the supplemental transcripts because they were immaterial and filed out of time. Subsequently, on July 6, 1965, appellants again moved the court to permit them to supplement the transcripts by attaching certified copies of the minutes of the special meeting of the city council of June 1, 1962, for the same reasons alleged previously.

The trial court on September 18, 1967, denied the motions for leave to file supplemental transcripts and sustained the motions to strike. It then entered judgments voiding the assessments on two grounds: (1) That the mayor and city council of Ogallala had no jurisdiction to levy the special assessments because no special meeting was ever called for that purpose as required by section 17-524, R. R. S. 1943; and (2) that no estimate of costs was submitted by the city engineer and accepted by the council previous to entering into the contracts for the improvements, as required by section 17-568.01, R. R. S. 1943. We discuss only the second point because it raises a jurisdictional question at the inception of the contract for the improvement, which precludes the possibility of special assessments herein.

We are committed to the rule in this jurisdiction that the record of the trial tribunal in all appellate proceedings imports absolute verity. If such record is incomplete or incorrect, the remedy shall be by appropriate proceeding to secure correction thereof in the trial court. Drier v. Knowles Vans, Inc., 144 Neb. 619, 14 N. W. 2d 222.

It is appellants' contention that the city engineer's estimates of the cost of the projects were filed with the city council and approved at a special meeting held on June 1, 1962. The minutes of the special meeting of June 1, 1962, are included in both original transcripts, and are exactly the same as those attached to appellants' supplemental transcripts. Nowhere in the minutes of that special meeting, in either the original transcripts

or in the supplemental transcripts, is there any record that the engineer's estimates were submitted at that meeting and approved by the council. It is true that the estimates tendered with the first supplemental transcripts bear the word "approved," the date June 1, 1962, and the signature of Donald E. Lenker, as mayor of the city of Ogallala. This, however, is not sufficient. The minutes in the transcript must show that the tendered estimates were actually submitted to the city council. Approval by the mayor alone does not prove, even if the transcripts could be collaterally attacked, that the estimates were submitted to the council. This was required in these matters by the statutes as it existed in 1962, and the failure of the record to so indicate is a fatal jurisdictional defect. The present statute only requires the submission of an engineer's estimate if the improvement exceeds $5,000 rather than the $2,000 limitation previous to the 1967 amendment. These matters, however, are much in excess of the present figure.

Section 17-568.01, R. R. S. 1943, came into our law in 1873. The first case thereunder, Fulton v. City of Lincoln, 9 Neb. 358, 2 N. W. 724, was adopted in 1879. It held that the council had no power to contract for grading until it enacted an ordinance therefor after an estimate of the cost has been made by the city engineer and submitted to the council.

In Moss v. City of Fairbury, 66 Neb. 671, 92 N. W. 721, this court approved a Commissioner's opinion determining that the provision for an engineer's estimate is jurisdictional, and held that the engineer's estimate must be submitted to and approved by the council before it makes a contract for the improvement. That case held that the cost of a sidewalk laid without a compliance with this provision could be made the basis of a special assessment against the adjacent property.

In Sanitary & Improvement Dist. v. City of Ralston, 182 Neb. 63, 152 N. W. 2d 111, we said: "The engineer's estimate of costs is jurisdictional, and must be sub-

mitted to and approved by the city council before a contract may be made."

We are unable to understand why this matter was held under advisement for more than 2 years. Matters taken under advisement should be promptly decided.

The voiding of the special assessments herein was proper and the judgments are affirmed.

AFFIRMED.