COMMUNICATION WORKERS OF AMERICA, AFL-CIO, APPELLEE, V. CITY OF HASTINGS, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

254 N. W. 2d 695

Filed June 15, 1977. No. 41041.

Nelson, Harding, Marchetti, Leonard & Tate, Arthur T. Carter, and William A. Harding, for appellants.

John P. Fahey, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

This is an appeal from a determination by the Court of Industrial Relations establishing a collective bargaining unit for employees of the City of Hastings, and certifying the Communications Workers of America, AFL-CIO, as exclusive bargaining agent of that unit after an election. We reverse the decision of the Court of Industrial Relations on the ground that it had no jurisdiction over the City of Hastings because of improper service of process.

The City of Hastings, respondent and appellant herein, raises numerous assignments of error in regard to the proceedings which took place in the Court of Industrial Relations. In light of our disposition of the case, however, we need only consider its contention that it was not properly served with process in this case.

In February, 1975, Communications Workers of America, AFL-CIO, petitioner and appellee herein, filed a presentation petition in the Court of Industrial Relations. In addition to members of the court, the petition and notice of filing the petition, were served only on Mr. Albert P. Madgett, the city attorney of the City of Hastings; and on Mr. William A. Harding, an attorney who had represented the City of Hastings in previous matters before the court. No service was made upon the mayor of the City of Hasings, nor upon other city officials.

Section 16-115, R. R. S. 1943, provides: "The corporate name of each city of the first class shall be the

City of _____, and all process whatever affecting any such city shall be served upon the mayor or acting mayor, or in the absence of both of said officers from the city, then upon the city clerk." Section 48-813, R. S. Supp., 1976, provides: "Whenever the jurisdiction of the Court of Industrial Relations is invoked, notice of the pendency of the proceedings shall be given in such manner as the court shall provide for serving a copy of the petition and notice of filing upon the adverse party. An employer or labor organization may be served by sending a copy of the petition filed to institute the proceedings and a notice of filing, which shall show the filing date, by any form of mail requiring a signed receipt, addressed to a principal officer at the usual place of activity of the employer or labor organization * * *. The giving of such notice in such manner shall subject the employers, the labor organizations, and the persons therein to the jurisdiction of the Court of Industrial Relations."

The City of Hastings contends that section 16-115, R. R. S. 1943, is applicable in this case because it is a city of the first class. The petitioner contends that section 48-813, R. S. Supp., 1976, controls, and that its service of process was adequate under that section. The City of Hastings objected to the service in its answer and preserved this objection for appeal. See Rule 6 of the Court of Industrial Relations. The Court of Industrial Relations found that the service was adequate under section 48-813, R. S. Supp., 1976, on the ground that service upon the city attorney of the City of Hastings met the requirement that service be made upon a principal officer of the employer.

Both parties rely on the well-established rule that where general and special provisions of statutes are in conflict, the general law yields to the special, without regard to priority of dates in enacting the same, and a special law will not be repealed by general provisions unless by express words or necessary implication. See, Kibbon v. School Dist. of

Omaha, 196 Neb. 293, 242 N. W. 2d 634 (1976); Houser v. School Dist. of South Sioux City, 189 Neb. 323, 202 N. W. 2d 621 (1972); Duerfeldt v. State, 184 Neb. 242, 166 N. W. 2d 737 (1969). Applying the rule to this case, it is apparent that section 48-813, R. S. Supp., 1976, sets forth special and specific provisions for service of process in cases where the jurisdiction of the Court of Industrial Relations is invoked. Section 16-115, R. R. S. 1943, although it refers specifically to persons upon whom process shall be served in cases generally, must yield to the provisions of section 48-813, R. S. Supp., 1976, in cases where the jurisdiction of the Court of Industrial Relations is invoked. Therefore we hold that section 48-813, R. S. Supp., 1976, is controlling in this case.

Although we agree with petitioner that section 48-813, R. S. Supp., 1976, controls, we disagree that the service in this case complied with that section. Section 48-813, R. S. Supp., 1976, provides that notice of the pendency of the proceedings shall be given in such manner as the court shall provide; and then further provides that an employer may be served by sending a copy of the petition to a principal officer of the employer. The record in this case does not reflect that the Court of Industrial Relations provided a manner for providing notice of the pendency of the proceedings. The court, however, found that service upon the city attorney was adequate because he is a "principal officer" of the City of Hastings. We disagree with that conclusion.

Pursuant to section 16-308, R. R. S. 1943, a city attorney is an appointive officer, and such an officer may be removed at any time by the mayor with approval of a majority of the city council. Section 16-319, R. R. S. 1943, provides that the "city attorney shall be the legal advisor of the council and city officers." Although the city attorney is an officer under the statutory scheme, he or she is not a "principal officer." "Principal," when used as an adjec-

tive, means chief, leading, primary, original; and also, highest in rank, authority, character, importance, or degree. Black's Law Dictionary, p. 1355 (4th Ed., 1951); Webster's Third New International Dictionary, p. 1802 (1968).

Our statute provides that words and phrases "shall be construed and understood according to the common and approved usage of the language * * *." § 49-802(5), R. R. S. 1943. When our Legislature used the words "principal officer" it did not mean *every* officer. It meant what it said — "principal" officer, with the word "principal" qualifying the word "officer" as an adjective. Under the statutory scheme, a city attorney is essentially the legal advisor to the city council and city officers. The city attorney serves at the pleasure of the mayor and the city council. He or she has no statutory power to make governmental decisions which affect the city. Therefore, the city attorney is not a chief, primary, or main officer, and is not a "principal" officer.

There is no dispute in this case that no city officer other than the city attorney was served with process. For the reasons given above, such service was not adequate under section 48-813, R. S. Supp., 1976; nor for that matter, under section 16-115, R. R. S. 1943; and therefore the City of Hastings was not properly subject to the jurisdiction of the Court of Industrial Relations. Having no jurisdiction over the City of Hastings, the decision of the Court of Industrial Relations is void and of no effect. Nebraska Department of Roads Employees Assn. v. Department of Roads, 189 Neb. 754, 205 N. W. 2d 110 (1973). In light of this conclusion, this court need not consider other assignments of error raised by the appellant.

REVERSED.

BOSLAUGH, J., not participating.