CITY OF KEARNEY, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, V. ANNA L. JOHNSON ET AL., APPELLEES.

385 N.W.2d 427

Filed April 25, 1986.   No. 84-727.

Michael E. Kelley, Kearney City Attorney, for appellant.

Kenneth C. Fritzler of Ross, Schroeder & Fritzler, for appellee Anna L. Johnson.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

The City of Kearney commenced this action in the district court for Buffalo County, Nebraska, to foreclose a lien for delinquent special assessments which had been levied by the city against property owned by the appellee Anna L. Johnson. Johnson filed a demurrer claiming that the same land and the same paving district, No. 395, were the subject of a previous suit (case No. 7203) and that the city had filed a "dismissal with prejudice" as to that cause of action in the previous suit, and, thus, the present case (case No. 7829) is barred by the doctrine

of res judicata. The demurrer was overruled, but, subsequently, the district court sustained a motion for summary judgment, on the same basis, filed by Johnson. The court found that the cause of action in case No. 7203 covering the same land had been "dismissed with prejudice by the Plaintiff upon payment of an agreed sum" and that "[d]ismissal with prejudice indicates an adjudication on the merits . . . [and] operates as res judicata concluding the rights of the parties." The court held, therefore, that Johnson was entitled to judgment as a matter of law. We believe that the district court was in error; for that reason we reverse and remand.

On March 18, 1982, the city filed a petition in the district court for Buffalo County, Nebraska, seeking to foreclose the delinquent special assessments for paving districts Nos. 395 and 448, water district No. 269, and sewer district No. 233 levied against property in the City of Kearney then owned by Schnabel Construction, Inc. That action was docketed as case No. 7203. While all of the districts were described in the petition, paving district No. 395 was not then eligible to be foreclosed. Neb. Rev. Stat. §§ 16-622 and 16-669 (Reissue 1983) require that three payments be delinquent before the city may foreclose, and the city is required to pass and publish an acceleration resolution declaring the entire amount due and owing. Although paving district No. 395 was included in the petition filed in case No. 7203, it had not been included in the acceleration resolution previously adopted by the city council because three payments had not become delinquent. The petition prayed for recovery of $4,998.19, the amount due at the time the petition was filed for all four special assessment districts, including paving district No. 395.

After the suit was filed, Johnson, by then the owner of the property, and the city attorney conducted negotiations. On July 23, 1982, the city received a letter from Johnson's attorney requesting the exact dollar figure required to pay off the special assessments. The city responded by letter on July 23, 1982, and demanded payment in the amount of $2,993.30. The July 23 letter referred only to paving district No. 448 and made no reference to paving district No. 395. Subsequent to this letter and prior to August 8, 1982, in response to a call to the city

attorney's office by Johnson's attorney, the city attorney informed Johnson's attorney that only those assessments relating to paving district No. 448, water district No. 269, and sewer district No. 233 were legally collectible as they were the only assessments which had been included in the acceleration resolution. While this discussion was going on, it is not clear whether anyone realized that paving district No. 395 was also a part of the action then pending.

On September 8, 1982, a call was made to the office of Johnson's attorney, informing his secretary that the payoff figure for paving district No. 448, water district No. 269, and sewer district No. 233 was $3,036.54 plus $78.60 for court costs, a total of $3,115.14, and that the payoff figure for paving district No. 395, not included in the acceleration resolution, was $1,489.93. This information was delivered to Johnson's attorney by memo from his secretary on September 8, 1982. The note specifically pointed out that paving district No. 395 was not part of the foreclosure but that the figure had been provided at the attorney's request.

On September 14, 1982, the city received a letter from the attorney for Johnson, which included a copy of a check made payable to the clerk of the district court for Buffalo County for the exact amount necessary to pay the assessments in the three delinquent districts as of Monday, September 13, but not enough to pay the assessments for paving district No. 395. On September 20, 1982, the City of Kearney filed a document in the district court, entitled "DISMISSAL OF CAUSE OF ACTION NUMBER 2." In this document the city only stated that it "hereby dismisses with prejudice Cause of Action Number 2" in case No. 7203. Cause of action No. 2 concerned the land in question. No court order was entered concerning this document or dismissing the cause of action.

On March 29, 1983, the city filed this action, No. 7829, in the district court, seeking to foreclose the delinquent payments due for special assessments levied for paving district No. 395. The district court ultimately dismissed case No. 7829, and the appeal of the city is taken from that dismissal.

The single issue presented to us is whether the "DISMISSAL OF CAUSE OF ACTION NUMBER 2" filed by the city

attorney on September 20, 1982, in case No. 7203, bars the city from seeking to collect the delinquencies due on paving district No. 395 in case No. 7829 under the doctrine of res judicata. As we have indicated, we believe that, under the facts in this case, the city is not so barred.

The unilateral action of the city attorney in dismissing a part of case No. 7203 is not res judicata. There is no "judicata." Res judicata is defined in Black's Law Dictionary 1174 (5th ed. 1979) as "A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment." In *Hickman v. Southwest Dairy Suppliers, Inc.*, 194 Neb. 17, 20, 230 N.W.2d 99, 102 (1975), this court said:

> Under the traditional rule of res judicata . . . any rights, facts, or matter in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies.

There was no judgment entered in case No. 7203 as to paving district No. 395. The city attorney merely dismissed a cause of action. The action of an attorney in filing a motion for dismissal, with prejudice, of a cause of action does not, of itself, operate as res judicata. Whether the city attorney's conduct rises to a form of estoppel or some related legal doctrine is not before us on this appeal from the summary judgment entered herein.

This case differs from *Simpson v. City of North Platte*, 215 Neb. 351, 338 N.W.2d 450 (1983), where there was a court order dismissing the action. It is stated in that case at 353, 338 N.W.2d at 451-52: "On May 1, 1981, pursuant to a dismissal with prejudice filed by the plaintiffs, the U.S. District Court ordered the cause of action dismissed." In the case at bar there is no such court order.

The judgment of the district court must therefore be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

KRIVOSHA, C.J., concurring.

I concur in the result reached by the plurality in this case. I do not agree, however, with the method by which the plurality reaches its result, and for that reason I write separately.

The plurality has concluded that a dismissal with prejudice, absent a court order, is not a bar to the bringing of another suit, although the subsequent action may be subject to the defense of estoppel or some related legal doctrine not now before us.

In my view the action of the city attorney in dismissing case No. 7203 was void. Obviously, if the action was void, we need not engage in any discussion regarding res judicata. Under the facts of this case the city attorney's action cannot give rise to any defense of estoppel or other related legal doctrine, and the city is free to seek the collection of the delinquent assessment. In reaching that conclusion I find myself somewhere between the opinion expressed by the plurality and the concurring opinion filed by White, J., and joined by Shanahan, J.

In my view the single issue presented to us by this case is whether the voluntary dismissal filed by the city attorney on September 20, 1982, in case No. 7203, bars the city from seeking to collect the delinquencies due on paving district No. 395 in case No. 7829.

To begin with we have held that the power to sue and be sued, conferred on a city of the first class by Neb. Rev. Stat. § 16-201 (Reissue 1983), gives the power to compromise and settle the amount of a special assessment *only* to the mayor and city council of cities acting in their legislative capacity. See *Farnham v. City of Lincoln*, 75 Neb. 502, 106 N.W. 666 (1906). In *Communication Workers of America, AFL-CIO v. City of Hastings*, 198 Neb. 668, 672, 254 N.W.2d 695, 697 (1977), we said: "[A] city attorney is essentially the legal advisor to the city council and city officers. The city attorney serves at the pleasure of the mayor and the city council. He or she has no statutory power to make governmental decisions which affect the city."

I do not agree with the concurring opinion by White, J., that the city attorney has unlimited authority to sue or settle unless directly limited by a specific statute. The authority of a city attorney, like any lawyer, is limited to carrying out the goals and objectives of the client. Moreover, the authority of a city attorney is further limited by the responsibilities given by law to

elected city officials.

The critical issue in this case, then, is not whether the dismissal constitutes res judicata and therefore bars any subsequent action but, rather, whether a city attorney without lawful authority who voluntarily dismisses a cause of action for the collection of a special assessment can thereby bar a city from collecting the taxes otherwise due. I do not believe the city attorney can. Nor do I believe under the facts of this case and the law as it presently exists that the presence or absence of a court order makes any significant difference.

Had the city attorney, acting alone, *intended* to compromise the tax claim and waive payment of the assessment for paving district No. 395, he would have been without authority to do so. The city attorney's "contract" with Johnson was beyond his authority, and void, and therefore could not have been the basis for any suit to enforce the agreement.

In 10 E. McQuillin, The Law of Municipal Corporations § 29.17 at 265 (3d ed. rev. 1981), the noted author observes: "If the wrong officer or board makes a contract in behalf of a municipality . . . [the municipality] may successfully set up the defense that the contract was unauthorized, and the contract will be declared void . . . ." The general rule has long been followed in Nebraska. In *Heese v. Wenke*, 161 Neb. 311, 73 N.W.2d 223 (1955), we observed that a contract entered into with a village, contrary to law, was void. See, also, *Nebraska State Bank Liquidation Ass'n v. Village of Burton*, 134 Neb. 623, 279 N.W. 319 (1938); *Campbell Co. v. City of Harvard*, 123 Neb. 539, 243 N.W. 653 (1932). In *Helleberg v. City of Kearney*, 139 Neb. 413, 417, 297 N.W. 672, 674 (1941), we said:

> No member of a city council or the mayor or the city attorney, each acting separately as an individual, can bind the city by a contractual obligation creatable only by official action of the city council, nor can any one of them ratify or reinstate a void city contract or estop the city from denying the validity thereof. *Scott v. City of Lincoln*, 104 Neb. 546, 178 N.W. 203.

Does the fact, then, that the city attorney filed a dismissal with prejudice in the earlier case without a hearing on the merits give validity to an act which was otherwise invalid? The

authorities, both in this state and elsewhere, seem to be to the contrary.

To begin with we have previously held that even if a judgment is entered into by the consent of an officer to a matter in which he has no authority to bind the public, and the judgment was not a decision by a court after a hearing *on the merits*, it affords no basis for a plea of res judicata as against the public interest involved. See *Warren v. County of Stanton*, 145 Neb. 220, 15 N.W.2d 757 (1944). See, also, *Loup County v. Rumbaugh*, 151 Neb. 563, 38 N.W.2d 745 (1949).

In *State ex rel. Goodsell v. Tunnicliff*, 169 Neb. 128, 132-33, 98 N.W.2d 710, 713-14 (1959), we said:

> It is the declared policy of the law in this state that a county attorney may not confess judgment against a county without appropriate authority to do so. This rule is for the protection of the public against results arising by improper or inept handling of litigation by a county attorney. In the instant case the county attorney confessed judgment for the county and the county board of equalization without any authority to prevent the filing of a contempt action against certain county officers. Certainly, the county attorney should not be permitted as a matter of public policy to trade away the rights of the public as a means of protecting individuals against personal action for their conduct. The county attorney operates counter to these provisions of law when he does so. Having no authority to confess judgment, any judgment based thereon is absolutely void and subject to collateral attack. If this were not so, and the judgment became final if no appeal were taken, the policy of the law could be easily thwarted, particularly as to those who were not parties to the action and yet bound by it because of its class nature. We conclude that the judgment in the Cassidy case is void, subject to collateral attack, and ineffective to defeat this issuance of a writ of mandamus.

An appointed city attorney certainly has no greater authority in this regard than an elected county attorney.

In the few cases which have been decided elsewhere, similar conclusions have been reached. In an annotation found in 67

A.L.R. 1503, 1505 (1930), the author notes: "A consent judgment in which the officials representing the municipality assume obligations against the municipality unauthorized by law is void." In *City of St. Paul v. Chicago, St. P. M. & O. Ry. Co.*, 139 Minn. 322, 166 N.W. 335 (1918), the court held that the fact that by consent of the municipal officers an agreement or stipulation made by them had been put in the form of a judgment in an effort to give it the force and effect of a judgment did not cure the lack of power in the officers to make it, and if such power was lacking, the judgment as well as the stipulation was void. See, also, *State ex rel. City of St. Paul v. Great Northern Ry. Co.*, 134 Minn. 249, 158 N.W. 972 (1916); *Kelley v. Milan*, 127 U.S. 139, 8 S. Ct. 1101, 32 L. Ed. 77 (1888). Without attempting to define all of the authority possessed by a city attorney in representing the municipality, it is nevertheless clear that where, as here, the action involved is one which emanates from the legislative branch of government and, by statute, requires formal action to be taken by the legislative branch before any action may be taken by the city, a city attorney who voluntarily dismisses an action which he had no authority in the first instance to bring is without authority to so act, and any action taken by the city attorney, including consenting to a court order, in that regard is without authority and is wholly void.

One may argue that persons should be entitled to rely upon a court record and not be required to look behind it. Perhaps there are situations where such a rule applies. But where, as here, the record clearly shows that the city attorney voluntarily dismissed an action which he was not authorized to bring in the first instance, the rule constituting an exception as to when res judicata applies is proper. If the person signing the stipulation as city attorney was not in fact the city attorney, the city would not be bound. I see little reason to hold otherwise where, as here, the person signing is the city attorney but without authority to take the action he did. I do not believe that the absence of a court order is significant to the decision of this case.

CAPORALE, J., joins in this concurrence.

WHITE, J., concurring.

I concur in the result reached by the majority. I believe, however, that the doctrine of res judicata is inapplicable in the case because the city attorney initially lacked the power to take the actions he did in case No. 7203 regarding paving district No. 395.

The single issue presented is whether the city attorney's dismissal of case No. 7203 bars the city under the doctrine of res judicata from collecting delinquencies due on paving district No. 395 in case No. 7829. Resolution of this issue depends upon the legal effect, if any, of the city attorney's action dismissing with prejudice case No. 7203. This, in turn, depends upon the scope of the city attorney's power to bring and dismiss actions on behalf of the city.

Neb. Rev. Stat. § 16-319 (Reissue 1983) includes in its delineation of a city attorney's power the authority to "commence, prosecute, and defend all suits and actions necessary to be commenced, prosecuted, or defended on behalf of the city, or that may be ordered by the council." This language does not condition the city attorney's general power "to prosecute" a case on behalf of the city. "Prosecute" includes not only commencing the suit but also "following it to an ultimate conclusion," Black's Law Dictionary 1099 (5th ed. 1979), including settlements and compromises.

Section 16-319 cannot, however, be read in a vacuum. When, as here, the effect of another statute is to establish specific prerequisites to a city attorney's authority, then § 16-319 must be interpreted in conjunction with such a statute. Neb. Rev. Stat. §§ 16-622 and 16-669 (Reissue 1979) provide the procedures a city must follow in accelerating future payments when foreclosing on a delinquent special assessment. These statutes require a city to publish a resolution declaring all future installments due on a future fixed date. Such a resolution may not be filed until three payments have become delinquent.

In foreclosing assessments a city is subject to a rigorous burden of proof at every stage. See *Turner v. City of North Platte*, 203 Neb. 706, 279 N.W.2d 868 (1979). A city's record of special assessments must affirmatively show a compliance with all the conditions essential to a valid exercise of the taxing

power, and no omission of essential fact may be supplied by a presumption. *Belza v. Village of Emerson*, 158 Neb. 641, 64 N.W.2d 214 (1954), *vacated* 159 Neb. 651, 68 N.W.2d 272 (1955). Any variation from compliance with statutory requirements renders the assessment void. *Campbell v. City of Ogallala*, 183 Neb. 238, 159 N.W.2d 574 (1968). Assessment authorization and collection statutes are so strictly construed because of the exclusive nature of the statutory assessment scheme. See 14 E. McQuillin, The Law of Municipal Corporations § 38.255 (3d ed. rev. 1970).

Here, the Kearney City Council properly did not include paving district No. 395 in its acceleration resolution because Mrs. Johnson was not yet three payments delinquent as required by statute. In this instance a prerequisite to the city attorney's power to prosecute under § 16-319 was a council resolution seeking to accelerate and foreclose on thrice-delinquent special assessments. Since this condition was not met, the city attorney's power to foreclose paving district No. 395 never arose, and its inclusion in case No. 7203 was without legal effect. Consequently, the city attorney's dismissing the case with prejudice was void as to paving district No. 395, 10 E. McQuillin, The Law of Municipal Corporations § 29.17 (3d ed. rev. 1981); see, also, *Helleberg v. City of Kearney*, 139 Neb. 413, 297 N.W. 672 (1941), and his action affords no basis for a plea of res judicata as against paving district No. 395.

SHANAHAN, J., joins in this concurrence.